October 8, 2003

Honorable J. Frederick Motz
Judge, United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21202

    Re: Cline v.Christy
    JFM 03-CV-529

Dear Judge Motz:

In accordance with your scheduling order, I am submitting this status report.

This case involves a wrongful death claim by the wife and five children of the deceased who died after being struck by Defendants' vehicle. The subject incident occurred after deceased had pulled his vehicle onto the shoulder of I-70E in Hagerstown because one of his tires became flat. The deceased was killed when he was struck and run into by a vehicle operated by Defendant driver after deceased had started to replace the flat tire.

Plaintiffs assert that deceased's vehicle was totally on the shoulder of the road, that deceased had placed lights behind his vehicle so that the area was illuminated, that there was overhead lighting and that the one witness who passed by deceased and his vehicle clearly was able to see deceased and his vehicle. Plaintiffs also assert that the Defendant driver failed to observe deceased and his vehicle because his head was turned toward the rear of his vehicle while he was speaking to his children, that he failed to keep and maintain a sufficient and proper lookout and that he actually partially drove onto the shoulder striking the vehicle and deceased. The corporate Defendant owner of the Defendant driver's vehicle, is liable under respondeat superior in that the driver had previously taken the vehicle, owned by the driver's corporate employer, into a repair shop for repairs and had just retrieved the vehicle prior to the subject incident.

Defendants assert that deceased was contributory negligent in that deceased was in the roadway changing his tire when he was struck by Defendant driver.

Depositions of all parties and factual witnesses have been taken and completed. The deposition of Defendant's accident reconstructionist has not been taken because Plaintiffs' counsel are still waiting for certain information which they have requested of said expert witness and which are required by the federal discovery rules have not been supplied.

Defendant has stipulated that Mr. Cline died as the result of his being struck by Defendant's vehicle and that the wife and five children Plaintiffs are the wife and children of deceased. Defendant intends to file a Motion for Summary Judgment on the grounds of alleged contributory negligence. Plaintiffs intend to file a Daubert challenge to the testimony of Defendants' accident reconstructionist and may have to file an additional

challenge if they do not receive the information and documents which they have requested regarding the reconstructionist's background and opinions.

Plaintiffs believe that this case should be referred to a magistrate judge for settlement conference. Discovery has disclosed that the vehicle operated by Defendant and owned by his corporate employer had only $250,000 coverage and that Defendant also had a personal vehicle with $100,000 coverage.

Defense counsel was unable to participate in this status report because of a commitment which required that he be out of town.

                              Respectfully yours,

                              Leonard A. Orman, P.A.

LAO/ss
cc: Timothy Freel, Esq.
    Lawrence Ballantine, Esq.