IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of
THE ESTATE OF GLEN H. CLINE, Jr.,                     *
Deceased, et al
                                                       *
        Plaintiffs
                                                       *
v.
                                                       *    CASE NUMBER: JFM-03-CV-529
AGAPE HARVESTER CHURCH, INC., et al.
                                                       *
        Defendant
                                                       *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR SUMMARY JUDGMENT

Defendant, Agape Harvester Church, Inc., by its attorney, Lawrence E. Ballantine, hereby

moves for Summary Judgment pursuant to Fed. R. Civ. P. 56 and in support thereof states:

1.   This case arises out of an automobile accident that occurred on or about April 18,

2000 on the eastbound lanes of I-70, where it crosses over I-81.

2.   At the time of the accident, Defendant John James Christy was operating a vehicle

owned by the Agape Harvester Church, Inc.

3.   As a result of this accident, Plaintiff Nancy J. Cline, Personal Representative of the

Estate of Glen H. Cline, Jr., Deceased, et al. brought suit against Defendant John James Christy

alleging negligence and also brought suit against Defendant Agape Harvester Church, Inc.

alleging agency.

4.   The Defendant, John James Christy, was not acting as the agent, servant or employee

of the Defendant Agape Harvester Church, Inc. at the time of this accident.

5.   Mere ownership of a vehicle does not impose liability for injuries caused by the

operation of that vehicle.  Toscano v. Spriggs, 343 Md. 320, 325, 681 A.2d 61 (1996).

6.   There is no dispute as to any material fact and Defendant Agape Harvester Church,

Inc. is entitled to judgment as a matter of law.

7.    In support of this Motion, Defendant relies on the enclosed Memorandum in Support of Motion for Summary Judgment and the deposition testimony of John James Christy attached hereto as Exhibit 1.

WHEREFORE, Defendant, Agape Harvester Church, Inc., requests this honorable Court grant this Motion for Summary Judgment and dismiss Defendant Agape Harvester Church, Inc. from this case as a matter of law for failure to state a claim upon which relief may be granted.

Respectfully submitted,

_____/s/_____
LAWRENCE E. BALLANTINE
Attorney for Defendants
1 W. Pennsylvania Ave., Ste. 500
Towson, Maryland  21204-5025
(410) 832-8012

POINTS AND AUTHORITIES

1.    Fed. R. Civ. P. 56.
2.    Toscano v. Spriggs, 343 Md. 320, 325, 681 A.2d 61 (1996).

CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2003,  a copy of the aforegoing Motion for Summary Judgment and Memorandum which was electronically filed in this case with the United States District Court for the District of Maryland, was mailed, postage prepaid to **Leonard A. Orman, P.A.**, 26 South Street, Baltimore, Maryland 21202; **Timothy R. Freel, Esquire**, Freel & Freel, P.C., 231 Newman Street, East Tawas, Michigan 48730, and **Elliot N. Lewis, Esquire**, Elliot N. Lewis, P.A., 1 East Lexington Street, Suite 201, Baltimore, Maryland 21202, Attorneys for Plaintiffs.

_____/s/_____
LAWRENCE E. BALLANTINE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of                *
THE ESTATE OF GLEN H. CLINE, Jr.,
Deceased, et al                                          *

      Plaintiffs                                         *

                                                        *

v.                                                       *    CASE NUMBER: JFM-03-CV-529

AGAPE HARVESTER CHURCH, INC., et al.                     *

      Defendant                                          *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

    Upon consideration of the aforegoing Motion for Summary Judgment and any response

thereto, it is hereby this _____ day of _____, 2003,

    ORDERED, that the Defendant's Motion for Summary Judgment is GRANTED and

judgment is entered in favor of Defendant, Agape Harvester Church, Inc., as a matter of law for

failure to state a claim upon which relief may be granted.


                                     _____
                                            JUDGE

Copies to:

Lawrence E. Ballantine, Esquire
Leonard A. Orman, P.A., Esquire
Timothy R. Freel, Esquire
Elliot N. Lewis, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of
THE ESTATE OF GLEN H. CLINE, Jr.,
Deceased, et al                                                    *

                                                                   *

        Plaintiffs                                      *

                                                                   *

v.                                                                 *

                                                                   *    CASE NUMBER: JFM-03-CV-529
AGAPE HARVESTER CHURCH, INC., et al.
                                                                   *

        Defendant                                       *

                                                                   *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

      Defendant, Agape Harvester Church, Inc, by and through its counsel, Lawrence E.

Ballantine, hereby moves for Summary Judgment pursuant to Fed. R. Civ. P. 56 and in further

support thereof submits the following Memorandum.

<u>STATEMENT OF UNDISPUTED FACTS</u>

      This case arises out of an accident that occurred on April 18, 2000 on the eastbound lanes

of I-70, where it crosses over I-81. At the time of the occurrence, Defendant John James Christy

was driving a vehicle owned by Defendant Agape Harvester Church.  The Defendant, John

James Christy, was not doing anything on behalf of the Defendant, Agape Harvester Church, at

the time of this occurrence.

<u>SUMMARY JUDGMENT STANDARD</u>

      Under the Fed. R. Civ. P. 56 (b) a motion for summary judgment may be made at any

time. The court will "view the underlying facts and all reasonable inferences therefrom in the

light most favorable to the party opposing the motion." <u>Pa. Coal Ass'n v. Babbitt</u>, 63 F.3d 231,

236 (3d Cir. 1995).  The mere existence of some evidence in support of the nonmoving party,

however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

ARGUMENT

**There is no agency relationship between Defendant John James Christy and Defendant Agape Harvester Church.**

The owner may be liable to a third party if there can be established a relationship of agency in the use of the vehicle between the owner of the vehicle and the operator. Williams v. Wheeler, 252 Md. 75 (1969). "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." Proctor v. Holden, 75 Md.App. 1, 20, 540 A.2d 133 (1988), citing Restatement (Second) Agency § 1 (1958).

Mere ownership of a vehicle does not impose liability for injuries caused by the operation of that vehicle. Toscano v. Spriggs, 343 Md. 320, 325, 681 A.2d 61 (1996). In the instant action, Plaintiff's sole contention concerning Defendant Frank Mooring is that he owned the vehicle that was being operated by Defendant John James Christy when this accident occurred.

"When an agency relationship is to be inferred from the parties' conduct, the party alleging the agency has the burden of proving its existence and its nature and extent." Proctor, 75 Md.App. at 20-21.

The Plaintiff has failed to establish that an agency relationship existed between Defendant John James Christy and Defendant Agape Harvester Church at the time of the accident. Plaintiffs may assert that there was some control by Agape Harvester Church because

the vehicle had been repaired at a local Amoco Station.  However, his deposition testimony (pages 45 through 50 attached hereto as Exhibit 1) clearly states that the use of the Amoco Station was merely a suggestion by a member of the Board of Directions.  In fact, on page 49 of his deposition, he indicated that he was not required to take the vehicle to the Amoco Station for repairs; that was simply a suggestion.  Additionally, at pages 49 and 50, he clearly states that at the time of the accident, he was not on any business, official or unofficial, for the Agape Harvester Church.

Accordingly, there is no basis by which Plaintiff may assert an agency relationship between the Defendants based on the facts of this case, and the Complaint against Defendant Agape Harvester Church should be dismissed as a matter of law for failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant, Agape Harvester Church , requests this Honorable Court grant this Motion for Summary Judgment and dismiss Defendant Agape Harvester Church from this case as a matter of law for failure to state a claim upon which relief may be granted.

Respectfully submitted,


_____/s/_____
Lawrence E. Ballantine
Attorney for Defendants
1 W. Pennsylvania Ave., Ste. 500
Towson, Maryland  21204-5025
(410) 832-8012



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of
THE ESTATE OF GLEN H. CLINE, Jr.,                    *
Deceased, et al

                                            *

        Plaintiffs

                                            *

v.

                                          *     CASE NUMBER: JFM-03-CV-529

AGAPE HARVESTER CHURCH, INC., et al.

                                            *

        Defendant

                                            *

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

### **REQUEST FOR HEARING**

    Defendant, Agape Harvester Church, Inc., by and through its attorney, Lawrence E.

Ballantine, hereby requests a hearing on the Motion for Summary Judgment filed by Defendant

Agape Harvester Church, Inc.


                                 _____/s/_____
                                  LAWRENCE E. BALLANTINE
                                  Attorney for Defendant
                                  1 W. Pennsylvania Ave., Ste. 500
                                  Towson, Maryland 21204-5025
                                  (410) 832-8012