IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of
THE ESTATE OF GLEN H. CLINE, Jr.,                    *
Deceased, et al
                                                     *

       Plaintiffs                                    *

                                                     *

v.                                                   *

                                                     *     CASE NUMBER: JFM-03-CV-529

AGAPE HARVESTER CHURCH, INC., et al.                 *

       Defendant                                     *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ** * *

<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

       John James Christy, Defendant, by his attorney Lawrence E. Ballantine, hereby moves for Summary Judgment pursuant to Fed. R. Civ. P. 56 and submits the following Memorandum in Support of Motion for Summary Judgment and for reasons states:

       1.  There is no dispute as to any material fact and this Defendant is entitled to judgment as a matter of law.

       2.  This case arises out of an automobile accident that occurred on or about April 18, 2000 on the eastbound lanes of I-70, where it crosses over I-81.

       3.  At this time, Mr. Cline, the Decedent was stopped to change a flat tire on the right shoulder with the driver's side tires of the vehicle sitting on the solid white line separating the lane from the shoulder, requiring Mr. Cline to stoop in the travel portion of the highway.

       4.  For purposes of this motion only, Defendants will admit that the Defendant, John James Christy, was negligent in the happening of this occurrence.  Defendants will not admit that at the time of trial, but will do so for the purpose of this Motion only.

       5.  Notwithstanding the negligence of the Defendant Christy, the Plaintiffs may not recover as the decedent, Glenn H. Cline, Jr., was contributorily negligent which would bar all of the Plaintiffs from recovery.

6. In support of his Motion for Summary Judgment, Defendant John James Christy, relies on the Memorandum in Support of his Motion for Summary Judgment, the deposition testimony of Plaintiff's accident reconstruction expert, Thomas Joseph Bowers, attached hereto as Exhibit 1 and the deposition testimony of the investigating State Trooper Benjamin N. Townes, attached hereto as Exhibit 2.

WHEREFORE, Defendant John James Christy respectfully requests this court grant this Motion for Summary Judgment and find the Plaintiff contributorily negligent as a matter of law, barring his recovery from this Defendant.

Respectfully submitted,


_____/s/_____
LAWRENCE E. BALLANTINE
Attorney for Defendant
1 W. Pennsylvania Ave, Ste 500
Towson, MD  21204-5025
(410) 832-8012

POINTS AND AUTHORITIES

Fed. R. Civ. P. 56.


_____/s/_____
LAWRENCE E. BALLANTINE


CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2003, a copy of the aforegoing

Defendant's Motion for Summary Judgment and Memorandum which was electronically filed in

this case with the United States District Court for the District of Maryland, was mailed, postage

prepaid to **Leonard A. Orman, P.A.**, 26 South Street, Baltimore, Maryland 21202; **Timothy R.**

**Freel, Esquire**, Freel & Freel, P.C., 231 Newman Street, East Tawas, Michigan 48730, and

**Elliot N. Lewis, Esquire**, Elliot N. Lewis, P.A., 1 East Lexington Street, Suite 201, Baltimore,

Maryland 21202, Attorneys for Plaintiffs.


_____/s/_____
LAWRENCE E. BALLANTINE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of
THE ESTATE OF GLEN H. CLINE, Jr.,
Deceased, et al

        Plaintiffs

v.

AGAPE HARVESTER CHURCH, INC., et al.

        Defendant

\*        CASE NUMBER: JFM-03-CV-529

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

John James Christy, Defendant, by his attorney Lawrence E. Ballantine, hereby moves for Summary Judgment pursuant to Fed. R. Civ. P. 56 and in further support thereof submits the following Memorandum.

### STATEMENT OF UNDISPUTED FACTS

On or about April 18, 2000, Plaintiff, Mr. Cline was driving a red colored Ford pick-up truck that was pulling a wood chipper headed eastbound on I-70. The vehicle then stopped on the right shoulder with the driver's side tires of the vehicle sitting on the solid white line separating lane two from the shoulder.  Mr. Cline was stooped down along the left side of the vehicle to change a flat tire and because of the position of the vehicle; Mr. Cline was in the travel portion of the roadway. In addition to being in the travel portion of the highway, Mr. Cline was in a poorly lit area at night. While Mr. Christy was traveling on the same portion of the roadway, he realized he struck something but was not exactly sure what he had hit. Mr. Christy pulled his vehicle over and was able to immediately flag over a State Trooper.  After further investigation it was apparent that the pick-up truck had been hit in the area of the rear tire on the driver's side, and Mr. Cline was deceased on the roadway nearby.

As a result of an investigation performed by Plaintiff's accident reconstructionist expert Thomas Joseph Bowers, he concluded that at the time of the occurrence, the decedent, Glenn Howard Cline, Jr. was standing or stooping entirely within the traveled portion of the roadway when he was struck by the Defendant's vehicle.

## SUMMARY JUDGMENT STANDARD

Under the Fed. R. Civ. P. 56 (b) a motion for summary judgment may be made at any time. The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

## ARGUMENT

Rarely when a case is in litigation does one find Plaintiff's expert agreeing with the opinions of a Defendant's expert witness. Even rarer is the case where Plaintiff's expert witness provides an opinion, under oath, that the decedent's negligence was a proximate cause of the accident. When these two occurrences converge in the same case, as in the case at bar, Defendant contends that the Plaintiff's claim should be barred by the doctrine of contributory negligence as a matter of law.

Defendants will concede for the purpose of this motion only that the Defendant, John James Christy, was negligent in the happening of the accident. But as suggested above, and as argued below, the decedent's own negligence should bar all of the Plaintiffs from recovering as a

matter of law.

"Before the doctrine of contributory negligence can be successfully invoked, the moving party has the burden of demonstrating that the injured person failed to use due care to avoid dangers which he actually knows exist from past experience or knowledge of which may be imputed to him because the dangers are so obvious that any ordinarily prudent and cautious person would see and avoid them. To warrant withdrawal of a case from the jury on the grounds of contributory negligence, the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." Robertson v. Shell Oil Co. 34 Md. App 399, 405, 367 A.2d 962, 966 (1976).

Ordinarily, the issue of whether a Defendant is contributorily negligent is generally a matter for a jury to consider.  However, Defendant strongly argues in this case that the sworn testimony of Plaintiff's own expert accident reconstructionist clearly establishes the decedent, Glenn H. Cline, Jr.'s contributory negligence as a matter of law.  In his deposition, Plaintiff's expert, Thomas Bowers, at pages 20-23, indicate that at the time of the impact, the decedent Cline was in the traveled portion of eastbound Interstate 70 (Exhibit  1, page 20, lines 4-8).  He also indicates that at the time of the occurrence, that decedent was either kneeling or stooping in the traveled portion of the roadway.   (Exhibit 1, page 20, lines 9-11)

In the ensuing testimony of Mr. Bower (Exhibit 1, pages 20-23, line 12 et seq.) indicate that the decedent Cline had parked his vehicle such that the wheels of his vehicle were right on the white line separating the shoulder from the traveled portion of the roadway.  He also indicates that there was 2' 11" of additional space to the right of the decedent's parked vehicle which would have allowed him to pull the vehicle further onto the shoulder which could have prevented him from kneeling or stooping in the traveled portion of the roadway while he was changing the tire.

Of more significance, however, is Plaintiff's expert testimony contained at page 28 and

29 of his deposition wherein he clearly states that there were two primary causes to this accident. Page 28, line 10-21 indicates that there are two primary causes to the accident. One of those was that Mr. Cline placed himself in the path of travel of the Christy vehicle. As indicated earlier, he did so by stooping or kneeling in the traveled portion of the roadway.

The investigating police officer, Maryland State Trooper Benjamin Townes, indicates in his deposition at page 45 that this accident occurred at 10:00 at night in an area that was very poorly lit. Additionally, at pages 68 and 69 of his deposition, the investigating officer indicated that on either side of I-81 there were much wider shoulder areas where the decedent could have stopped his vehicle to change the flat tire.

Clearly, Plaintiffs ought not to be allowed to recover in this case where their own expert witness has indicated that a primary cause of this accident was the decedent's stooping or kneeling in the traveled portion of the roadway to change a tire. The testimony of the investigating officer, Trooper Townes, clearly indicates that this accident occurred at 10:00 at night in a poorly lit area and that there were alternative areas that were much wider which would have provided a much safer place for the decedent to change the tire.

WHEREFORE, Defendant John James Christy requests this Honorable Court to grant this Motion for Summary Judgment and find in its favor as a matter of law.

> _____/s/_____
> LAWRENCE E. BALLANTINE
> Attorney for Defendant
> 1 W. Pennsylvania Ave., Ste. 500
> Towson, Maryland  21204-5025
> (410) 832-8012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of
THE ESTATE OF GLEN H. CLINE, Jr.,                    *
Deceased, et al
                                                     *

      Plaintiffs                                    *

v.                                                   *

                                                     *      CASE NUMBER: JFM-03-CV-529
AGAPE HARVESTER CHURCH, INC., et al.
                                                     *

      Defendant                                     *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ** * *


REQUEST FOR HEARING


      Defendant, John James Christy, by and through his attorney, Lawrence E. Ballantine,

hereby requests a hearing on the Motion for Summary Judgment filed by this Defendant.



                                            _____/s/_____
                                            LAWRENCE E. BALLANTINE
                                            Attorney for Defendant
                                            1 W. Pennsylvania Ave., Ste. 500
                                            Towson, Maryland  21204-5025
                                            (410) 832-8012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of
THE ESTATE OF GLEN H. CLINE, Jr.,                    *
Deceased, et al
                                                      *
        Plaintiffs
                                                      *
v.
                                                      *        CASE NUMBER: JFM-03-CV-529
AGAPE HARVESTER CHURCH, INC., et al.                 *

        Defendant                                     *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

ORDER

        Upon consideration of Defendant's Motion for Summary Judgment and any response

filed thereto, it is hereby this _____ day of _____, 2003.

        ORDERED that, Defendant John James Christy's, Motion for Summary Judgment is

GRANTED and Plaintiffs are barred from recovery as a result of contributory negligence as a

matter of law.


                                        _____
                                                        JUDGE


Copies to:

Lawrence E. Ballantine, Esquire
Leonard A. Orman, P.A., Esquire
Timothy R. Freel, Esquire
Elliot N. Lewis, Esquire