## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NANCY J.CLINE, individually, and as Personal     *
Representative of THE ESTATE OF GLEN
H. CLINE, JR., Deceased, *et al*,     *

     Plaintiffs,     *

                                    Case No.: JFM–03–CV-529

v     *

JOHN JAMES CHRISTY, *et al.*,     *

     Defendants.     *

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT JOHN JAMES CHRISTY'S MOTION FOR SUMMARY JUDGMENT

      **NOW COME** the Plaintiffs hereto, by FREEL & FREEL, P.C., by Timothy R. Freel, one of Plaintiffs' counsel, and do hereby Respond to Defendant John James Christy's *Motion for Summary Judgment*, stating as follows, ***TO-WIT:***

1.      That in Response to the averments set forth in Paragraph 1 of said Motion, the Plaintiffs deny and dispute same as untrue.  There indeed exist, at a minimum, genuine disputes as to material facts such that Defendant is not entitled to Summary Judgment as a matter of law.

2.      That in Response to the averments set forth within Paragraph 2 of said Motion, the Plaintiffs admit that the case involves and arises from an accident that occurred on or about 18 April 2000 on the eastbound shoulder portion of I-70 at or near the I-81 overpass.

3.      That in Response to the averments set forth within Paragraph 3 of said Motion, the

FREEL & FREEL, PC
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

Page 1

Plaintiffs affirmatively state that there exist genuine issues of fact relative to same.

4.    That in Response to the averments set forth within Paragraph 4 of said Motion, the Plaintiffs admit and agree that the Defendant, JOHN JAMES CHRISTY, was in all respects negligent relative to the subject claims and occurrence.

5.    That in Response to the averments set forth within Paragraph 5 of said Motion, the Plaintiffs deny and dispute same as untrue.  There indeed exist, at a minimum, genuine disputes as to material facts such that Defendant is not entitled to Summary Judgment as a matter of law.

6.    [No Response required]  Further Responding, Plaintiffs aver that their Response to said Motion is based upon the foregoing averments, and the attached supporting Memorandum and Exhibits, all of which are incorporated by reference herein.

    **WHEREFORE,** the Plaintiffs respectfully pray that this Honorable Court DENY Defendant's Motion for Summary Judgment, and award Plaintiffs any further legal or equitable relief deemed appropriate in the Court's sound discretion.

Dated: 20 November 2003

                     _____

                     FREEL & FREEL, P.C.
                     By Timothy R. Freel (Bar No.: 27248)
                     231 Newman Street
                     East Tawas, Michigan 48730
                     (989) 362-3443
                     Attorneys for Plaintiffs

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♠
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

**Page 2**

*Elliot N. Lewis*

ELLIOT N. LEWIS, P.A.
Elliot N. Lewis (Bar No.:23596)
1 East Lexington St., Suite 201
Baltimore, Maryland 21202
(410) 962-1442
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' foregoing *Response to Defendant John James Christy's Motion For Summary Judgment*, and the attached supporting Memorandum and Exhibits were electronically filed in the above-captioned cause, and were mailed on 20 November 2003, postage prepaid, to Lawrence E. Ballantine, Esquire, 1 West Pennsylvania Avenue, Suite 500, Towson, Maryland 21204.

Dated: _____

FREEL & FREEL, P.C.
By Timothy R. Freel (Bar No.: 27248)
231 Newman Street
East Tawas, Michigan 48730
(989) 362-3443
Attorneys for Plaintiffs

FREEL & FREEL, PC
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

Page 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NANCY J.CLINE, individually, and as Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, *et al*, | * |
| | * |
| Plaintiffs, | * |
| | Case No.: JFM–03–CV–529 |
| v | * |
| JOHN JAMES CHRISTY, *et al.*, | * |
| Defendants. | * |

_____/

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT JOHN JAMES CHRISTY'S MOTION FOR SUMMARY JUDGMENT

#### Prefatory

The subject suit arises from an accident occurring on or about 18 April 2000 along eastbound Interstate I-70 in Washington County. Plaintiff's decedent was in the process of towing a commercial size wood chipper from Michigan to Virginia, when he experienced a blow-out of his left rear tire just before the I-81 overpass near Hagerstown; decedent was able to maneuver both his truck and the chipper over into the right shoulder area of the highway. Defendant CHRISTY failed to observe the decedent, or even the construction-yellow wood chipper, a flashing hazard light placed behind same, or decedent's red, full-size pickup truck with four-way flashers and activated; he drove his vehicle at full speed into the decedent's truck and decedent's person, crushing, rolling, and throwing the body upwards of 300 feet +/- from the estimated point of impact.

Defendant has pled decedent's contributory negligence, and now brings the Motion *sub judice* upon the **sole and exclusive** premise that decedent _may_ have been "stooping or kneeling in the traveled portion of the roadway to change a tire." Defendant's *Memorandum In Support Of Summary Judgment*, Page 4.

FREEL & FREEL, PC
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

## Counter-Statement of Facts

It is undisputed that the subject accident occurred on or about 18 April 2000, and along the shoulder area of the eastbound lane of I-70 just before the lanes taper into the bridge over-crossing I-81.  It is as well undisputed that the Defendant Christy at no time observed either the decedent, his red, full-size pickup truck, the large, bright-yellow wood chipper in tow behind same, or even the flashing vehicle "four-way" lights or the single flashing hazard lamp placed by decedent behind the wood chipper; and that said Defendant struck and killed decedent without any change in his highway travel speed. *Deposition of John James Christy (hereinafter referred to as "JC, Page(s) ____"), at Pages 21 – 23; 26.*  The only knowledge Defendant Christy has as to any matter pertaining to this accident was gathered exclusively from what the investigating Maryland State Police Trooper informed him of thereafter. *JC, Pages 23, 26.*

However, the balance of any facts necessary for Defendants to establish the defense of Contributory Negligence – much less as a matter of law, as they claim – are, at a minimum, heavily in dispute.

The portion of the shoulder area to which Decedent was able to maneuver his disabled vehicle was approximately 10 feet West of the bridge. *Deposition of MSP Corporal Benjamin Townes, Jr. (hereinafter referred to as "BT, Page(s) _____"), at Page 34, lines 5-10;Page 55, line 16; Page 35, lines 19-22*; *Deposition of John E. Herko (hereinafter referred to as "JH, Page(s) ____"), at Page 14, line 17 – Page 15, line7; Page 28, lines 6-15.* At this location, the shoulder area tapers down to nothing as one enters the bridge area. *BT, Page 36, lines 9-19.* There is no way that Decedent could have realistically moved his vehicle closer to the shoulder edge, which is bounded by a guardrail. *BT, Id., and Page 22, lines 9-21.* Decedent had his vehicle's four-way emergency lighting activated, *JH, Page 12, lines 18-21*, and he had as well placed his flashing, emergency hazard light behind the wood chipper. *See BT, Page 44, lines 1 – 7 and lines 20 – Page 45, line 1.*  The stretch of eastbound I-70 leading up to the Decedent's

FREEL & FREEL, PC
231 NEWMAN STREET
EAST TAWAS, MI
♠
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

location was straight on a slightly upward incline, and without any obstructions in view. *JC, Page 37; BT, Pages 46, line 15 – Page 47, line 6.* There was in fact overhead lighting in the area. *BT, Page 45, lines 9-11; Deposition of MSP Trooper First Class Robert Fraley (hereinafter referred to as "RF, Page(s) ___"), at Page 11, lines 16-18.*

As aforesaid, Defendant Christy failed to observe any aspect of the decedent's situation – not even at or following the moment of impact. There were no skids, gouges, "squeegee marks" or other evidence of any effort to stop, avoid or even slow down prior to impact – there was literally no evidence of any "type of driver reaction" whatsoever. *RF, Page 17 – 18, line 3.* The explanation for this is simple. <u>As Defendant Christy admitted to Trooper Fraley at the scene, the former was holding the steering wheel, turned around speaking to his children over his right shoulder during his approach preceding the impact.</u> *RF, Page 32, lines 2 – 22; Page 36, line 20 – Page 37, line 9.* This most likely caused Defendant to pull the steering wheel to the right, pulling his vehicle over the shoulder line and into the rear left taillight portion and left side of the Decedent's truck, striking Mr. Cline, rolling and pinching him between the two vehicles and ultimately depositing the body near a guardrail at some location Easterly of the (280-foot long) bridge and Westerly of the final resting position of the Defendant vehicle. *RF, Id, and Page 44, lines 1-4 and lines 10-13.; BT, Page 43, lines 14 – 21.*

Contrary to Defendants' summary assertions, the supposed "conclusions" drawn by the parties' respectively-listed experts as to how and where the decedent's body was positioned at impact are necessarily **<u>speculative</u>**, *Deposition of Thomas Bowers (hereinafter referred to as "TB, Page(s) ___"), at Page 47, lines 9-15.* As specifically noted by Mr. Bowers (and ostensibly omitted from Defendants' discussion), there was virtually no useful evidence taken at the scene such that he would not characterize MSP efforts as even a "technical accident investigation", much less a "reconstruction", *TB, Page 42, line 20 – Page 43, line 19*; <u>and he had access to all of the information to which Defendants' "expert" had access, save the Christy vehicle.</u> *BT, Page 50, lines 8-10.* Trooper Fraley and Corporal Townes concede that there was no reconstruction

FREEL & FREEL, PC
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

Page 6

performed – *no measurements were even taken*, and the original MSP photographs of the accident scene had even been "misfiled" and were missing as of the date of Fraley's deposition. *BT, Page 16, lines 16-17; RF, Page 20, lines 8 – 9; Page 41, lines 9-21; Page 43, lines 5 - 8.* In fact, an actual reconstruction is performed only if matters of causation have not been concluded by the *responding/investigating officer*, who, in instances such as that herein, are often without any training or expertise in matters fundamental to accident reconstruction. *RF, Page 45, lines 15-19; BT, Page 7, lines 18-21.*

The balance of pertinent facts will be discussed in the context of that legal argument which follows, *infra*.

### Statement of Standard of Review

With regard to motions submitted under F. Rule Civ. P. 56 (b), the Supreme Court has clearly articulated certain standards applicable to same. Generally, the Court must review all of the evidence in the record 'taken as a whole'. In so doing, all reasonable inferences must be drawn in favor of the nonmoving party; and of specific import, the Court may not make credibility determinations, weigh the evidence or engage in fact-finding – all of which are functions specifically reserved to the jury. Ergo, the Court must disregard any evidence which, even if favorable to Defendants herein, the jury is not required to believe; credence should be given to all evidence (and reasonable inferences) favoring Plaintiffs, and only that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.' Roger Reeves v Sanderson Plumbing Products, Inc., 530 U.S. 133, Pages 150-151; 120 S. Ct. 2097; 147 L. Ed. 2d 105 (2000), *citing and quoting* Matsushita Elec. Industrial Co. v. Zenith Radio Corp., *475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986);* Anderson v. Liberty Lobby, Inc., *477 U.S. 242, 250-251, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986);* Celotex Corp. v. Catrett, *477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986);* Lytle v. Household Mfg., Inc., *494 U.S. 545, 554-555, 108 L. Ed. 2d*

FREEL & FREEL, PC
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

*504, 110 S. Ct. 1331 (1990); <u>Continental Ore Co.</u> v. <u>Union Carbide & Carbon Corp.</u>, 370 U.S.*

*690, 696, n. 6, 8 L. Ed. 2d 777, 82 S. Ct. 1404 (1962), and; Wright & Miller 299.*

### Law and Argument

Defendants' motion must be denied for two separate but related reasons. First, the motion necessarily requires that this Court improperly weigh evidence and render factual findings, and in Defendants' favor no less. Second, and irrespective of any (improper) finding of Contributory Negligence, it is doubtful that reasonable minds could not differ but that the Defendant Christy had the "Last Clear Chance" to avoid this tragedy.

**I.    PLAINTIFFS' DECEDENT WAS NOT CONTRIBUTORILY NEGLIGENT AS A MATTER OF LAW, OR ALTERNATIVELY, THERE EXIST, AT A MINIMUM, QUESTIONS OF FACT AS TO WHETHER OR NOT PLAINTIFFS' DECEDENT WAS CONTRIBUTORILY NEGLIGENT.**

As noted above, the sole grounds for Defendants' motion is the errant perception that the mere apparency of agreement between two experts as to a possible cause of the accident renders the entire question of Contributory Negligence established as a matter of law.

First, this position requires this Court to not only weigh the credibility and statements of these witnesses, but to ignore the balance of the supposed "opinions" and/or testimony which either reveal or expressly state that the same is necessarily **speculative** given the virtually complete lack of evidence gathered or preserved at the scene. Again, and as noted above, the "opinion" of Mr. Bowers upon which the Defendants so ardently rely in bringing this motion sets forth the caveat that any conclusion as to either the Decedent's location/situation at the time of impact or whether he observed the Defendant Christy is **speculative**. *TB, Page 47, lines 7-15.*

Second, the Defendants' position wholly ignores the substantive law of Contributory Negligence, much less the undisputed fact of law that questions of same (other than the existence of a legal duty) are presumably and ordinarily for ***jury*** determination. *Defendants' supporting*

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

**Page 8**

*Memorandum, Page 3*; <u>Northern Cent. RR Co.</u> v <u>State</u>, 29 Md. 420 (1868).

Generally stated, "Contributory Negligence" is the neglect of the duty imposed upon all individuals to observe ordinary care for their safety; it is the doing of something that a person of ordinary prudence would not do, or failure to do something that a person of ordinary prudence would do, under the particular circumstances of the case. <u>Baltimore Gas and Electric Co.</u> v <u>Flippo</u>, 348 Md. 680; 705 A.2nd 1144 (1998).  First, it is a fundamental premise to the entire analysis *that a deceased Plaintiff is presumed to have exercised ordinary care for his own safety*. <u>Nizer</u> v <u>Phelps</u>, 252 Md. 185, 205; 249 A.2nd 112 (1969). And it is certain that the question of whether a Plaintiff is contributorily negligent is necessarily relative, and is to be determined by the *factfinder* given the circumstances then present *vis a vis* the Plaintiff – particularly when that Plaintiff is faced with an emergency or situation of peril, such as was the case with Plaintiffs' decedent herein. <u>Hooper</u> v <u>Mougin</u>, 263 Md. 630; 284 A.2nd 236 (1971); <u>Burhans</u> v <u>Burhans</u>, 159 Md. 370; 150 A. 795 (1930); see also <u>Stein</u> v <u>Overlook Joint Venture</u>, 246 Md. 75; 227 A.2nd 226 (1967). In other words, acts performed under stress of an emergency situation are not to be judged in the same manner as those performed under normal circumstances. <u>Ballew</u> v <u>U.S.</u>, 389 F.Supp. 47, aff'd 539 F.2d 705 (D.Md. 1975).  Even if the comforts of hindsight would conclude that the Plaintiff erred in judgment, that alone does not bar recovery. *Id*; <u>Hill</u> v <u>Wilson</u>, 134 Md. App. 472; 760 A.2nd 294 (2000). 'A reasonable person is not a very cautious person, and even if a person's actions turn out to be an error in judgment, there is no contributory negligence if a reasonable person would or could have made the same error.' <u>Sanders</u> v <u>Williams</u>, 209 Md. 149, 153; 120 A.2nd 397 (1956).

Of particular import, the Maryland Courts have long held that <u>the Plaintiff is not required to anticipate the Defendant's negligence *as a matter of law*</u>. <u>Wood</u> v <u>Johnson</u>, 242 Md. 446; 219 A.2nd 691 (1966).  Absent some actual or imputed knowledge to the contrary, <u>the Plaintiff may act on the assumption that he will not be exposed to danger that will come only by Defendant's breach of the duties owed him</u>. *Sanders, supra.*  It follows that in order for the Plaintiffs'

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

decedent to be found contributorily negligent, his conduct must be such that he unreasonably exposed himself to a danger ***created by the Defendant's negligence***. Myers v Estate of Alessi, 80 Md. App. 124; 560 A.2nd 59 (1989); the Defendant's negligence must have been *prior to or at least concurrent with* that of the Plaintiff, in order for the latter's negligence to be the proximate negligence, as opposed to the more 'remote' negligence, necessary to bar recovery. See Menish v Polinger Co., 277 Md. 553; 356 A2d 233 (1976); *Northern Cent. RR Co., supra*.

Additionally, the Maryland Court of Special Appeals held in a case handled by brother counsel for Plaintiffs that ***passive*** negligence on the part of Plaintiff does not constitute Contributory Negligence, and therefore, does not pose a bar to recovery. Schwartz v Hathaway, 82 Md. App. 87 (1990) (*Plaintiff was pushing his motorcycle along the shoulder of the Baltimore Beltway when he was struck by the Defendant-vehicle's side view mirror which extended over the white shoulder line. A directed verdict was entered for Plaintiff after the jury found him contributorily negligent*). The same conclusion was reached in Rosenthal v Mueller, 124 Md. App. 170 (1998).

Given the foregoing facts, Plaintiffs first assert that their decedent was not contributorily negligent *as a matter of law*. The reasoning is two-fold: First, assuming for purposes of argument only the Defendants' assertion that the decedent was "stooped or kneeling" in the travel portion of the roadway in an attempt to change a tire, the same would have necessarily been ongoing and occurring prior to the Defendant Christy's negligent failure to observe the decedent and striking him with his car. It is therefore impossible to establish that he unreasonably exposed himself to a danger created by the negligence of said Defendant. *Myers, supra*. The more proximate negligence was that of Defendant Christy, whereas the alleged negligence of decedent was the more remote. *Northern Cent. RR Co., supra*. To hold otherwise would necessarily be to impose upon Plaintiffs' decedent the duty to anticipate the Defendant's breach of duties owed him, which is squarely incompatible with the established rule of law specifically providing to the contrary. *Wood* and *Sanders, supra*.

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

**Page 10**

Second, and continuing the argumentative assumption of Defendants' theory of Contributory Negligence, there is little question but that the same was merely *passive* in nature, not at all unlike the alleged Contributory Negligence of the *Schwartz* Plaintiff, *supra*.

In the alternative, Plaintiffs strenuously assert that there at least exist substantial questions of material fact which would preclude taking the matter away from the Jury. Doubtless, reasonable minds could well conclude that the decedent did not act unreasonably given and under the peculiar, sudden and unexpected circumstances thrust upon him. Defendants' position necessarily presumes that no reasonable, properly-instructed jury could possibly find that decedent, faced with a narrowing shoulder area and going onto a shoulder-less bridge at the time of his tire blowout, pulled his disabled vehicle (with full-sized commercial chipper in-tow) as close to the guardrail as was practically possible; and that it was "not unreasonable" or "not imprudent" that decedent, being a Michigan resident without a cell phone or contacts in the Maryland area, determined to attempt to change his own tire after activating his four-way flashers and placing a flashing hazard lamp behind the chipper – that it was "not unreasonable" that the decedent may not have assumed that the Defendant Christy would soon be barreling his vehicle down eastbound I-70 at full speed, and whilst turned around talking with his children and without regard for or observation of any things or persons ahead of him. As discussed in more detail at Pages 15-16, *infra.*, other reasonably prudent and observant motorists were able to clearly see and observe the position and condition of Mr. Cline before he and his vehicle were struck by Defendant Christy.

The Defendants' single-faceted assertion that Plaintiffs' decedent was "stooped or kneeling" within the travel portion of the highway further fails to dispose of the element of causation. As indicated within the testimony of Corporal Townes, Trooper Fraley and Mr. Bowers, *supra.*, it is undisputed that the decedent's vehicle was within the shoulder area of the road, and that Defendant Christy's vehicle struck not only the left side panels of the truck, but as

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

**Page 11**

well the left, rear taillight assembly. Trooper Fraley additionally testified that it was possible that the Defendant's vehicle contacted the left, rear tire/wheel of decedent's truck with sufficient force to rip same off of the hub, even though some of the lug nuts were possibly fastened. *BT, Page 50, line 6 – Page 51, line 3; RF, Page 56, line 14 – Page 57, line 10*. <u>This means that the Defendant vehicle left the travel portion of the highway and crossed into the shoulder area, which in turn means that decedent could have been struck and killed by Defendant even if he were "stooping or kneeling" or otherwise *within* the shoulder area</u>. *TB, Page 43, line 20 – Page 44, line 2*. And Defendants therefore cannot say and have not demonstrated to this Court – much less to the extent necessary to warrant Summary Judgment – that the decedent's death would not have occurred *but for* his alleged "stooping or kneeling in the traveled portion of the roadway…" *Defendants' supporting Memorandum, Page 4*.

All factors honestly and properly considered, Summary Judgment is utterly inappropriate in this respect, and Defendant Christy's motion should be DENIED accordingly.

**II.     EVEN IF CONTRIBUTORY NEGLIGENCE WERE FOUND TO EXIST, DEFENDANT CHRISTY HAD THE 'LAST CLEAR CHANCE' TO AVOID THE INJURY TO PLAINTIFFS.**

Maryland law is well established that a Plaintiff determined to be contributorily negligent may nonetheless recover for his injuries suffered if the following elements exist:  (1)  That Plaintiff was in a position of danger caused by the negligence of both the Plaintiff and Defendant; (2)  That  Plaintiff was oblivious to danger, or unable to extricate himself from the position of danger; (3)  That the Defendant was aware, or by the exercise of reasonable care should have been aware, of the Plaintiff's danger and of his oblivion to it and/or his inability to extricate himself from it, and; (4) That the Defendant, with means available to him, could have avoided injuring the Plaintiff after becoming aware of the danger and Plaintiff's inability to extricate himself from it, but failed to do so.  See <u>Washington Metropolitan Area Transit Authority</u> v

FREEL & FREEL, PC
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

Page 12

Johnson, 699 A.2nd 404, on rehearing 726 A.2nd 172 (D.C. 1997); Sanner v Guard, 235 Md. 271,

203 A.2nd 225 (1964); State, for Use of Taylor v Varley, 216 Md. 94; 140 A.2nd 173 (1958);

Victor Lynn Lines v State for Use of Pursel, 199 Md. 468; 87 A.2nd 165 (1952).

The "Last Clear Chance Doctrine" is intended to soften the often unrealistically harsh and
extreme consequences dealt by a strict application of Contributory Negligence; indeed, its sole
purpose is as a defense to claims of Contributory Negligence. Brooks v Childress, 198 Md. 1; 81
A.2nd 47 (1951). The rationale is refreshingly simple: If the Defendant has the last clear chance
to avoid the harm, any negligence attributable to Plaintiff is not the proximate cause of the result.
Ritter v Portera, 59 Md. App. 65; 474 A.2nd 556, *cert. denied* 300 Md. 795; 481 A.2nd 239 (1984).

Although Plaintiffs deny any Contributory Negligence on the part of their decedent, it is
without question evident that they may nonetheless recover if the same is found to exist given the
Defendant Christy's irrefutably last clear chance to avoid this tragic occurrence. In fact, and as
evidenced by his own testimony, *supra.*, all he had to do was pay attention to the road and objects
in front of him in the discharge of his duty to maintain a safe and proper lookout. *Victor Lynn
Lines, supra.*; York Motor Express v State, 195 Md. 525; 74 A.2nd 12 (1950). Mr. Christy at no
time observed any of the vehicles, lights or anything attendant to the decedent's situation on the
shoulder of the road that evening. Although he denied at his deposition any specific recollection
of even being engaged in conversation with his children at the time leading up to and through the
impact, *JC, Page 37, line 20 – Page 38, line 11*, Trooper Fraley was adamant and specific in his
recollection of Mr. Christy's admission at the scene that he was in fact turned and talking to his
children over his right shoulder. *RF*, *supra*.

Were decedent and all of his bright-colored vehicles and flashing lights observable on the
shoulder of this relatively well-lit, straight, slightly-upward-inclining stretch of highway on the
night in question? Absolutely. John Herko had no problem observing decedent and his vehicles
from both sides of I-70 that evening – and he didn't even come close to hitting them (obviously,
prior to Defendant Christy's arriving upon and driving through the scene).

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

Mr. Herko was the proverbial "good Samaritan" who happened upon the scene.  He was traveling on eastbound I-70 from the Breezewood area, when he noticed decedent's truck (up on a jack with its left rear wheel missing), the wood chipper, and the truck's four-way flashing hazard lights activated. *JH, Page 11, lines 4-15; Page 12, lines 1-21.*  Thinking he could be of some assistance, he proceeded eastbound to the next exit where he turned around and headed westward. *JH, Page 12, lines 1-5.* When he again passed the scene traveling in the westbound lane of I-70 (which is separated from the eastbound lanes by guardrails and a median area), Mr. Herko observed "somebody" (presumably the decedent) pushing a tire and wheel from the rear of the truck in the direction of the left, rear wheel area. *JH, Page 14, lines 3-16.* By the time he turned around at the next exit and arrived back at the scene, Defendant Christy had driven through and the decedent was dead. *JH, Page 17, line 18 – Page 18, line 3.*

The import of the foregoing is clear.  Even if the accuracy of Defendant's assertion that Mr. Cline was "stooping or kneeling" in the travel portion of the highway at the time in question were assumed for purposes of argument, it is aptly evident that the reasonably prudent motorist approaching the decedent's situation that evening was completely capable of observing that situation and avoiding same in the exercise of ordinary care and in the discharge of the duty to maintain a safe and proper lookout.  The instant accident happened as the result of one proximate cause:  Defendant Christy's failure to observe decedent and/or the state of "peril" he was in, and his consequent failure to avail himself of the last and clear opportunity to avoid the foreseeable harm.

Defendant's prayer for Summary Judgment should be DENIED in this respect as well.

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

## **Conclusion and Relief Requested**

Plaintiffs assert that their decedent could not have been Contributorily Negligent as a matter of law given both (1) that any alleged "negligence" on his part was prior in time to that of Defendant, and therefore was a factor observable and foreseeable to Defendant, and (2) the same can be characterized at most as "passive" notwithstanding. Alternatively, and based upon the attached proofs, Plaintiffs submit that there exist – *at a minimum* – significant and material fact questions which should properly be resolved by a Jury, not the Court as a matter of law.

Plaintiffs additionally have demonstrated that there exists little question but that Defendant had an exceedingly clear and sequentially most-proximate opportunity to avoid the instant tragedy had he even minimally exercised the most basic duties of prudence and due care. If decedent were somehow found (whether by this Court or by jury) to be Contributorily Negligent in the premises, his Plaintiffs are precisely those contemplated by the Last Clear Chance doctrine who are entitled to recovery irrespective of any fault which might be attributed *post hoc* to decedent.

Plaintiffs respectfully pray that this Honorable Court DENY the Defendant Christy's Motion for Summary Judgment, and issue its Order finding that Plaintiffs' decedent was not Contributorily Negligent as a matter of law.  Plaintiffs further request any additional legal or equitable relief deemed appropriate in the Court's sound discretion.

Respectfully submitted,

Dated: <u>20 November 2003</u>

FREEL & FREEL, P.C.
By Timothy R. Freel (Bar No.: 27248)
231 Newman Street
East Tawas, Michigan  48730
(989) 362-3443
tim@freelpc.net
Attorneys for Plaintiffs

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

**Page 15**

_Elliot N. Lewis_

ELLIOT N. LEWIS, P.A.
Elliot N. Lewis (Bar No.:23596)
1 East Lexington St., Suite 201
Baltimore, Maryland 21202
(410) 962-1442
Attorneys for Plaintiffs

**FREEL & FREEL, PC**
231 NEWMAN STREET
EAST TAWAS, MI
♣
www.freelpc.net
TEL (989) 362-3443
FAX (989) 362-4031

**Page 16**