IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NANCY J. CLINE, Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, et al | * |
| | * |
| Plaintiffs | * |
| v. | * |
| |     CASE NUMBER: JFM-03-CV-529 |
| JOHN JAMES CHRISTY | * |
| And | |
| AGAPE HARVESTER CHURCH, INC. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RESPONSE AND OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE TO PRECLUDE TESTIMONY
OF DEFENDANT'S EXPERT WITNESSES

    Defendants, John James Christy and Agape Harvester Church, Inc., by their attorney, Lawrence E. Ballantine, file this response and opposition to Plaintiffs' Motion in Limine and say:

    1. Plaintiffs have filed a Motion in Limine to preclude the testimony of Defendants' expert witness, Greg Manning. Greg Manning's report was attached to Plaintiffs' Motion as an exhibit and is self-explanatory. Plaintiffs suggest that Mr. Manning's report and his testimony should be excluded pursuant to the <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u> case, 509 U.S. 579 (1993). The thrust of the <u>Daubert</u> case was that in order for expert testimony to be admissible the principal or technique upon which the testimony was based had to be generally accepted in the field in which it belonged.

    2. Mr. Manning has been named as an expert witness in the field of accident reconstruction. His curriculum vitae and list of trial testimony which are attached hereto as Exhibit 1 and 2 clearly indicate that Manning is well qualified in the field of accident reconstruction. Over the past five years, he has been qualified and testified as an expert in the field of accident reconstruction in over 100 cases including at least one case in this court. Additionally, his

curriculum vitae indicates that he has been qualified as an expert in virtually every circuit court in the State of Maryland as well as eleven other states.

3. Plaintiffs also object to Mr. Manning's testimony on the basis that he has previously testified that he does not rely on witness statements as he finds them to be unreliable. In this case, there were no eyewitnesses to the accident other than the Defendant and there are no witness statements that are relevant to these proceedings.

4. Plaintiffs further object to Manning's report because he uses the verb "suggest and suggests" in his report to indicate what he believes occurred. Defendants suggest that this amounts to semantic hair splitting. Mr. Manning's report, which is before this court, clearly sets forth what he believes happened based on the investigating police report, his inspection of the vehicle damage and the accident scene. In fact, Plaintiffs' own expert testified at his deposition that he agreed with many of the conclusions set forth in Mr. Manning's report. Specifically Plaintiffs' expert, Thomas Bowers, testified at his deposition, that he agreed with Mr. Manning's conclusion that the Plaintiff was in the traveled portion of the roadway of eastbound I-70 when he was struck and that he was either kneeling or stooping, changing his tire when he was struck.

5. Finally, Plaintiffs object to Manning's testimony because he has not provided his income information so that Plaintiffs can investigate possible bias of Manning's testimony. Attached hereto as Exhibit 3 is a letter from GMA Associates setting forth Mr. Manning's income from 1998 through 2002 indicating what percent of his income was generated through accident reconstruction. Accordingly, that part of the Plaintiffs' argument is now moot.

6. In conclusion, Mr. Manning's curriculum vitae and list of testimony clearly indicate that he is well qualified to testify in the field of accident reconstruction. He has been accepted as an expert in this court and virtually every circuit court in the State of Maryland and in courts in eleven other states. His opinions as set forth in his report are consistent with the opinions of Plaintiffs' own expert. It should be up to the jury to determine how much weight and credibility they give to Mr. Manning and his opinions.

7. Defendants, at this time, withdraw their designation of Trooper Robert Fraley as an expert witness, but reserves the right to call him as a fact witness.

WHEREFORE, Defendants request this Honorable Court to deny Plaintiffs' Motion in Limine.

```
                              _____/s/_____
                              LAWRENCE E. BALLANTINE
                              Trial Bar No. 01948
                              Attorney for Defendants
                              1 W. Pennsylvania Ave., Ste. 500
                              Towson, Maryland  21204-5025
                              (410) 832-8012
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, That on this 21st day of November, 2003, a copy of the aforegoing Response and Opposition to Plaintiffs' Motion in Limine to Preclude Testimony of Defendant's Expert Witnesses, was mailed, postage prepaid, to **Leonard A. Orman, P.A.**, 26 South Street, Baltimore, Maryland 21202; **Timothy R. Freel, Esquire**, Freel & Freel, P.C., 231 Newman Street, East Tawas, Michigan 48730, and **Elliot N. Lewis, Esquire**, Elliot N. Lewis, P.A., 1 East Lexington Street, Suite 201, Baltimore, Maryland 21202, Attorneys for Plaintiffs.

```
                              _____/s/_____
                              LAWRENCE E. BALLANTINE
```

LEB/dmt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NANCY J. CLINE, Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, et al | * |
|     Plaintiffs | * |
| v. | * |
| |     CASE NUMBER: JFM-03-CV-529 |
| JOHN JAMES CHRISTY And | * |
| AGAPE HARVESTER CHURCH, INC. | * |
|     Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>ORDER</u>**

Upon consideration of the aforegoing Plaintiffs' Motion in Limine and Opposition thereto, and for good cause shown, it is this _____ day of _____, 2003, by the U.S. District Court for the District of Maryland;

ORDERED, that the Plaintiffs' Motion in Limine with respect to the expert witness, Greg Manning, is hereby DENIED.

_____
                                          JUDGE

cc:  **Leonard A. Orman, P.A.**
     **Timothy R. Freel**, **Esquire**
     **Elliot N. Lewis, Esquire**