IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

NANCY I. CLINE, et al.

    Plaintiffs

v.                                                     Case No. JFM-03-CV-529

AGAPE HARVESTER CHURCH, INC., et al.

    Defendants

## PLAINTIFFS' QUESTIONS TO PROSPECTIVE JURORS ON VOIR DIRE

1. Do any members of the jury panel or any members of their respective families know or are they related in any way to any of the parties in this case?

NANCY J. CLINE of Bay CIty, Michigan, JOSH CLINE of Bay City, Michigan, TERRY MARIE TUNNEY of Alger, Michigan, DOROTHY ANN MILLER of Prescott, Michigan, BRIAN CLINE of Prescott, Michigan , RICK DAVID CLINE of Lupton, Michigan, AGAPE HARVESTER CHURCH, INC. a Florida corporation doing business in Hagerstown, MD and JOHN JAMES CHRISTY.

2. Do any members of the jury panel or any members of their respective immediate families know, have any social or business relationship or have they ever been represented by any counsel in this case?

LEONARD A. ORMAN, TIM FREEL, ELLIOTT LEWIS, LARRY BALLANTINE

3. Do any members of the jury panel or any member of their respective immediate families know or have any social, professional or business relationships with Maryland State Troopers Corporal B.L. Townes, TFC Robert Fraley, both of MD State Police, Hagerstown Barracks; Gregory Manning, an accident

reconstructionist, John E. Herco, 11915 South Street, P.O. Box 302, Libertytown, MD 21724, Sterling Christy, Stacy Christy, Brent Whiteaker, John Eric Herko, 11915 South Street, Libertytown, MD 21762   Michael Ward, CPA, Herman Miller of Silver Spring, MD,  Dr. Edwin Pitto, Medical Examiner for Washington County, J. Laron Locke, M.D. and Jacqueline L. Paral, M.D. State Medical Examiner's Office

    4.  Have any juror or member of his or her family been  employed by or as an investigator of any kind including accident investigation and accident reconstruction.?

    5..  Has any member of the jury panel or any members of their  immediate family studied law or been a student at a law school?

    6.  Have any of you ever worked as a casualty investigator,  or claims adjuster?

    7.  Has any members of the jury seen advertisements by  liability insurance companies in <u>Time</u> magazine, the <u>Wall Street Journal</u>, or the <u>Smithsonian Institute</u> or any other publications  in regards to jury verdicts?

     8.  Does any member of this jury panel feel that he or she  would be prejudiced one way or another by reason of anything you  have read, or any experience you may have had which would prevent  you from doing justice to either side in a law suit for damages   by an individual injured or killed in an automobile accident?

      9.  Has any member of the jury read any articles or literature, or heard any discussion on jury verdicts?  If so,  would this have any effect on the amount of the

2

verdict which you would award in the event you find a verdict in favor of the Plaintiffs?

10. Does any member of the jury hold the belief that the death of an individual, because of someone elses' negligence, should not be compensated for in money damages?

11. Is there anything in your religious or moral belief that causes you to hold that a person should not sue another or should compromise their case rather than submit it to a jury?

12.. Does any member of the jury have any objection to awarding damages in a lawsuit which asks for money for pain and suffering for personal injuries and death received in an automobile collision?

13 Has any member of this jury panel or members of their immediate family been involved in a personal injury accident whereby a claim has been made for or against you for such personal injuries or death or has any member of the jury panel or members of their immediate family made a claim for compensation for injury of any kind?

14 Has any member of this jury panel ever been employed as a nurse, nursing assistant or in any other field dealing with persons who have sustained personal injuries?

15. Does any member of this jury panel have any objections to or feeling against any person who sues for personal injuries or death sustained as the result of an automobile collision?

**16  Is there any member of the jury panel who feels for one reason or another that he or she cannot sit on this jury and render a fair and impartial verdict according to the law and the evidence.**

_____/s/_____
Leonard A. Orman, P.A.
26 South Street
Baltimore, MD 21202
410-962-0400
_____/s/_____
Timothy Freel
Ellott N. Lewis
1 E. Lexington Street
Baltimore, MD 21201

4

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**NANCY I. CLINE, et al.**

    **Plaintiffs**

**v.**                                                          **Case No. JFM-03-CV-529**

**AGAPE HARVESTER CHURCH, INC., et al.**

    **Defendants**

**PLAINTIFFS' REQUESTS FOR INSTRUCTIONS TO THE JURY**

**1.  You are instructed that the Defendant John Christy was negligent as a matter of law and that the deceased, Glen Howard Cline, Jr. was not contributory negligent and , therefore, your judgment must be for the Plaintiffs.**

**2.  You areinstructed that Glen Howard Cline, Jr. was presumed to have exercised ordinary care for his own safety and it is presumed that he was not contributory negligent.   White v. State , 186 F. 2d 392, Wiggins v. State use of Collins, 192 A.2d 515, Nizer v. Phelps, 252 Md. 185,205, 249 A 2d 112 (1969) Todd v. Weikle, 36 Md App. 663, 676-678, 376 A2d 104 .**

**3. You are instructed that the John Christy was  negligent as a matter of law.**

**4. You are instructed that the deceased, Glen Howard Cline, Jr.,  was not contributory negligent as a matter of law.**

**5.  You are instructed that in order to defeat a recovery in this suit on the grounds of contributory negligence by the the deceased, the burden of proof is on the Defendants to show  that the deceased was guilty of affirmative negligence and that such affirmative negligence on his part directly contributed to  produce the injuries and death.**

**6.  You are instructed that a  reasonable person is not a very cautious person, and even if a person''s actions turn out to be an error in judgment, there is no contributory negligence if a reasonable person would or could have made the same error.'' Sanders v Williams, 209 Md. 149, 153; 120 A.2nd 397 (1956). In other words, acts performed under stress of an emergency situation are not to be judged in the same manner as those performed under normal circumstances. Ballew v U.S., 389**

5

**F.Supp. 47, aff'd 539 F.2d 705 (D.Md. 1975)**.

**7. You are instructed that <u>the Plaintiff is not required to anticipate the Defendant's negligence as a matter of law</u>. <u>Wood</u> v <u>Johnson</u>, 242 Md. 446; 219 A.2nd 691 (1966).**

**8. You are instructed that, absent some actual or imputed knowledge to the contrary, the Plaintiff may act on the assumption that he will not be exposed to danger that will come only by Defendant''s breach of the duties owed him. <u>*Sanders, supra.*</u>**

**9. You are instructed that in order for the Plaintiffs' decedent to be found contributorily negligent, his conduct must be such that he unreasonably exposed himself to a danger *created by the Defendant''s negligence*. <u>Myers</u> v <u>Estate</u> <u>of</u> <u>Alessi</u>, 80 Md. App. 124; 560 A.2nd 59 (1989); the Defendant''s negligence must have been *prior to or at least concurrent with* that of the Plaintiff, in order for the decedent's negligence to be the proximate negligence, as opposed to the more ''remote'' negligence, necessary to bar recovery. See <u>Menish</u> v <u>Polinger</u> <u>Co.</u>, 277 Md. 553; 356 A2d 233 (1976); <u>Northern</u> <u>Cent.</u> <u>RR</u> <u>Co.</u> v <u>State</u>, 29 Md. 420 (1868).**

**10. You are instructed that, as a matter of law, Defendant Christy, was acting as the agent of Defendant Agape Harvester Church, Inc. at the time of the subject incident and that any judgment entered against Defendant Christy should also be entered against Defendant, Agape Harvester Church.**

**11. You are instructed that, if you find that Defendant Christy, was acting as the agent of Defendant Agape Harvester Church, Inc. at the time of the subject incident, then any judgment entered against Defendant Christy shall also be entered against Defendant, Agape Harvester Church. Inc.**

**12.. PREPONDERANCE OF THE EVIDENCE MPJI 1:7**
**a. Preponderance of the Evidence**
    **The party who asserts a claim or affirmative defense has the burden of proving it by what we call the preponderance of the evidence.**
    **In order to prove something by a preponderance of the evidence a party must prove that it is more likely so than not so. In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind a belief that is more likely true than not true.**

In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who called the witness or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced.

If you believe that the evidence is evenly balanced on an issue, then your finding on that issue must be against the party who has the burden of proving it.

**13.. DEFINITION OF NEGLIGENCE, MPJI 19:1.** You are instructed that negligence is doing something that a person using reasonable care would not do, or not doing something that a person using reasonable care would do. Reasonable care means that caution, attention or skill a reasonable person would use under similar circumstances.

**14. STANDARD OF CARE MPJI 18:1** The driver of a motor vehicle must use reasonable care. Reasonable care is that degree of caution and attention which a person of ordinary skill and judgment would use under similar circumstances. What constitutes reasonable care depends upon the circumstances of a particular case. MPJI 18:1

**15. VIOLATION OF STATUTE MPJI 18:4**
The violation of a statute , which is a cause of the plaintiff's injuries or damages is evidence of negligence.

**16.** A driver may not change lanes when unsafe to do so  Code Transportation Sec. 21-309

**17.** The driver of a vehicle overtaking another vehicle that is going in the same direction shall pass to the left of the overtaken vehicle at a safe distance. Code Transportation, Sec. 31-303(b).

**18.** On any roadway that is divided into two or more clearly marked lanes for vehicular traffic, a vehicle shall be driven as nearly as practicable entirely within a single lane and may not be moved from that lane until a driver has determined that it is safe to do so.  Code Transportation Sec. 21-309 (a)(b).

 **19.**  You are instructed that if you find from the evidence that the Defendant did not have his vehicle under proper and sufficient control and that such action on his  part caused or contributed  to the accident, then such action is evidence of negligence.

**20.** You are instructed that no person shall drive a motor vehicle at a greater speed than is reasonable and prudent under the circumstances then and there existing. Transportation Article 21-80l.

**21.** You are instructed that if you find from the evidence that Defendant Christy was operating his motor vehicle at an unreasonable rate of speed under the circumstances then and there existing at the time of the accident and that such speed caused or contributed to the collision, then such action is evidence of negligence.

**22** You are instructed that if you find from the evidence that Defendant Christy failed to keep and maintain a sufficient and proper lookout and that his failure to keep and maintain a sufficient and proper lookout caused or contributed to the collision, then such failure to keep and maintain a sufficient and proper lookout is evidence of negligence. <u>Victor Lynn Lines, v. State</u>, 199 Md. 468, 87 A.2d 165 (1952)

**23.** The Court instructs the jury that if they find that the Defendant Christy operated his motor vehicle in an unsafe manner under the circumstances existing at the time of the accident and that such conduct caused or contributed to the collision, then that is evidence of negligence.

**24.** The Court instructs the jury that it is the duty of the rear driver to keep a safe distance between vehicles and to keep his machine well in hand so as to avoid injury to the vehicle ahead so long as the driver ahead is proceeding in accordance with his rights.

**25.** The Court instructs the jury that the driver of the rear vehicle must use exercise ordinary care to avoid colliding with the front vehicle.

**26.** In a rear end collision, it is not necessary that an eyewitness testify that he saw the Defendant looking in another direction in order to establish that he failed to keep a proper lookout, if the facts and circumstances are sufficient to support a rational inference to that effect. Nor is it necessary that a witness specifically testify that he saw the Defendant in such a physical condition as to lack control of his vehicle, if the surrounding circumstances were such as to form a basis for an inference that he did fail to have his vehicle under reasonable and proper control. <u>BTC vs. Prinz</u> 2l5 Md. 398, l37 A.2d 700.

27. There is no evidence in this case legally sufficient to show that the Defendant Christy was faced with an emergency which justified or excused the collision with deceased and his vehicle.

28. The Court instructs the jury that if you find that Defendant Christy operated his vehicle in an unsafe manner under the circumstances existing at the time of the accident and that such operation in an unsafe manner caused or contributed to the collision, then that is evidence of negligence.

29. The Court instructs the jury that if you find that deceased was partly or wholly on the edge of the roadway next to his disabled car and the shoulder of the roadway, when he was struck by Mr. Christy's vehicle, such action was not contributory negligence and if considered as negligence would only be what the courts call "passive negligence" which is not a defense for Mr. Christy's actions, Schwartz v. Hathaway, 82 Md. App. 87 (1990) (which established that passive negligence does not constitute contributory negligence and does not bar recovery; Rosenthal v. Mueller 124 Md. App. 170 (1998), where the court confirmed that passive negligence does not constitute contributory negligence and is not a bar to recovery.)

30. The Court instructs the jury that if you find that the incident in this case took place because Defendant Christy was not looking at the roadway but was turned and speaking to passengers in the back of his vehicle, then the actions of deceased in trying to change a flat tire cannot be considered as negligence in that such actions by deceased were not the cause the subject incident.

31. DAMAGES CHILD OF DECEASED PERSON  MPJI 10-23

In determining the damages which will reasonably and adequately compensate each surviving child of a deceased parent as a result of a parent you shall consider both economic and non-economic losses.
The economic losses to be considered include the financial support as well as the replacement value of the services that the deceased furnished or probably would have been expected to furnish.
The non-economic losses to be considered are the mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, attention, advice, counsel, training, guidance or education which the child has experienced or probably will experience in the future.

9

32. **DAMAGES FOR SPOUSE OF DECEASED MPJI 10-21**

In determining the damages which will reasonably and adequately compensate the spouse of the deceased parent as a result of the death you shall consider both economic and non-economic losses.

The economic losses to be considered include the financial support as well as the replacement value of the services that the deceased furnished or probably would have been expected to furnish. You may consider he deceased's earnings and future earning capacity for the probable time both had been expected to live to determine the amount that ths urviving spouse could reasonably have expected to receive.

The non-economic losses to be considered are the mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, attention, advice or counsel, training, the surviving spouse has experienced or probably will experience in the future.

33. **DAMAGES- ACTION BY ESTATE MPJI 10-24**

In determing the damages to be awarded to the estate of the deceased as a result of the death, you shall consider both economic and non-economic losses.

The economic losses to be considered include the fair and reasonable medical expenses which were incurred by the deceased, and the loss of earnings from the time of injury to the time of death. You shall also consider the funeral expenses up to $5,000.

The non-economic losses to be considered are any conscious pain, suffering or mental anguish that the deceased experienced as a result of the injury until death.

34. **MPJI 10:19: MORTALITY TABLE—LIFE EXPECTANCY**

According to life expectancy tables, the life expectancy of a white male person of 64 years of age is 16.4 years.

This figure is to assist you in determining the probable life expectancy of the deceased as it bears on future losses and damages. It is not conclusive proof of the life expectancy, and you are not bound by it. It is only an estimate based on average experience.

_____/s/_____
Leonard A. Orman, P.A.
26 South Street
Baltimore, MD 21202

10

                410-962-0400

              _____/s/_____
              Timothy Freel
              Ellott N. Lewis
              1 E. Lexington Street
              Suite 201
              Baltimore, MD 21201
              Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

NANCY I. CLINE, et al.

  Plaintiffs

v.                  Case No. JFM-03-CV-529

**AGAPE HARVESTER CHURCH, INC., et al.**

  Defendants

**ISSUES TO BE DECIDED BY JURY**

**1. Was John Christy, negligent in the operation of his vehicle causing it to crash into deceased and deceased's vehicle?**
              Yes_____  No_____

**2. Was John Christy acting as the agent or employee of Agape Harvester Church at the time of the subject incident?**
              Yes_____  No_____

**3. Was Glen Howard Cline, Jr., deceased, contributory negligent and did his negligence cause the incident which resulted in Mr. Christy's vehicle crashing into**

**him and his stopped vehicle?**

          **Yes_____  No_____**

  **If you answer issue one is "Yes" and issue three is "No", then proceed to answer the following issues:**

  **1. What amount of damages do you award to Dorothy Miller?**
    **For economic damages  _____**
    **For non-economic damages _____**

  **2. What amount of damages do you award to Brian Cline?**
    **For economic damages  _____**
    **For non-economic damages _____**

  **3. What amount of damages do you award to Terry Tunney?**
    **For economic damages  _____**
    **For non-economic damages _____**

  **4. What amount of damages do you award to Rich Cline?**
    **For economic damages  _____**
    **For non-economic damages _____**

  **5. What amount of damages do you award to Josh Cline?**
    **For economic damages  _____**
    **For non-economic damages _____**

  **6. What amount of damages do you award to Nancy J. Cline?**
    **For economic damages  _____**
    **For non-economic damages _____**

  **8. What amount of damages do you award to the estate of Glen Howard Close, Jr.**
      **For economic damages  _____**
      **For non-economic damages _____**
      **For funeral expenses  _____**