IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

NANCY I. CLINE, et al.

    Plaintiffs

v.                                                                             Case No. JFM-03-CV-529

AGAPE HARVESTER CHURCH, INC., et al.

    Defendants

## JOINT PRE TRIAL ORDER

## 1. BRIEF STATEMENT OF PLAINTIFFS' CASE

Plaintiffs are seeking to recover damages suffered by them as the result of the impact of defendants motor vehicle striking and killing Glen H. Cline, Jr., deceased (wife and father of Plaintiffs) which occurred when defendant, John James Christy ("Christy") negligently operated Agape's motor vehicle in such a negligent manner that it struck and killed Mr. Cline. At the time of subject incident, Defendant Christy was acting as Agape's agent, servant or employee and had just picked up the vehicle at a repair location where he had been directed by Agate to obtain repairs.

Mr. Cline was operating his vehicle in Washington County, MD and suffered a flat left rear tire which caused him to pull onto the right shoulder of the road. Mr. Cline then removed the tire and was preparing to replace the flat tire with a spare and was standing preparing to change the left rear wheel. There was sufficient light to illuminate Mr. Cline, his position and his vehicle. The operator of one vehicle which passed Mr. Cline, clearly saw him at the side of his vehicle and, in fact, had turned around to come back and give assistance. Defendant Christy was approaching Mr. Cline and his vehicle but did not see either Mr. Cline or his vehicle because Mr. Christy was turned around and speaking to one

of his children in the back seat.  As a result, the car operated by Mr. Christy pulled to the right and struck both Mr. Cline and his vehicle which was on the shoulder.  As a result of being struck by Mr. Christy's vehicle, Mr. Cline was catapulted into the air and thrown a good distance from the accident site.  He was then found dead on the roadway.

The Plaintiffs in this case are NANCY J. CLINE of Bay CIty, Michigan,  JOSH CLINE of Bay City, Michigan, TERRY MARIE TUNNEY of Alger, Michigan, DOROTHY ANN MILLER of Prescott, Michigan, BRIAN CLINE of Prescott, Michigan , RICK DAVID CLINE of Lupton, Michigan who are the wife and children of Mr. Cline.,

As a result of the death of Mr. Cline, the Plaintiffs suffered and sustained the loss of financial support as well as the replacement value of the services that the deceased furnished or probably would have been expected to furnish,  the mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, attention, advice, counsel, training, guidance or education which the wife and children have experienced or probably will experience in the future.  The estate of Mr. Cline suffered damages for Mr. Cline's pain and suffering and funeral expenses. and related expenses. Plaintiff Nancy Cline as well suffered physical injuries after falling down stairs upon her being informed of her husband's death by Bay City (MI) Police officers.

Defendants assert that Mr. Cline was contributorily negligent because he was standing or kneeling in the roadway when the subject incident occurred.  Plaintiffs counter that Mr. Cline was not negligent and was acting as a reasonably prudent person in his situation would act and that, even if negligent, was passively negligent which was not a contributory aspect of this case.  Prior to the subject incident, Mr. Cline had placed a light to rear of his vehicle and both he and his stopped vehicle were observed by a witness who

passed the stopped vehicle and had turned his vehicle around so that he could return and assist Mr. Cline. There was also overhead light which helped illuminate the area. The sole cause of the accident was Mr. Christy's failure to keep and maintain a sufficient and proper lookout and failure to see what was obviously there to see.

At the very least, Defendant had the last clear chance to avoid the accident.

**2.    BRIEF STATEMENT OF FACTS OF DEFENDANTS' CASE**

Defendant Christy was operating a vehicle eastbound on Interstate 70 on April 18, 2000. As he approached the overpass of eastbound 70 and Interstate 81 he struck and killed Glen H. Close, Jr. At the time of the impact, the decedent, Glen H. Cline,Jr., was stopped or kneeling in the traveled portion of the right hand eastbound lane of Interstate 70 attempting to change a tire on his pickup truck. The area was not well lit and the weather was raining and overcast.

Defendant Christy believes that the Plaintiffs' claims are barred by the doctrine of contributory negligence and assumption of risk. Additionally, the Defendants deny that there is any evidence that Mr. Cline suffered any conscious pain and suffering as a result of the occurrence. The Defendants also deny that there is any credible evidence that the Plaintiffs, Terry Marie Tunney, Dorothy Ann Miller, Brian Cline or Rick David Cline received any financial support from decedent at the time of his death.

**4. ANY AMENDMENTS NEEDED OF PLEADINGS**

No amendments are required of the pleadings.

**5.  ISSUES OR PLEADINGS TO BE ABANDONED**

No issues or pleadings will be abandoned.

**6. STIPULATIONS MADE AND/OR REQUESTED**

a. Glen Cline, Jr. was killed as the result of being struck and run into by Defendant Christy.

**7. DETAILS OF DAMAGES CLAIMED AND OTHER RELIEF SOUGHT**

Death of Mr. Cline, Damages set out in Maryland Code for wrongful death and survivors, funeral and related expenses

**8. PLAINTIFF INCURRED THE FOLLOWING BILLS, LOSSES**

Funeral Expenses in excess of $5,000.00

**9. LIST OF DOCUMENTS AND OTHER EXHIBITS INCLUDING SUMMARIES OF OTHER EVIDENCE.**

1. Police report

2. Photographs- Plaintiff's vehicle

3. Photographs- Defendants' vehicle

4. Photographs of accident scene

5. Photographs of deceased

6. Diagrams drawn in court

7. Statement of Defendant Christy

8. Vital Statistics and Life Tables of United States

**10. LIST OF DOCUMENTS AND OTHER EXHIBITS INCLUDING SUMMARIES OF DOCUMENTS OF OTHER EVIDENCE**

police report

photographs of vehicles involved in collision

photographs of scene

photographs of deceased

letters of administration

death certificate

autopsy report

diagrams of accident scene

State Highway Administration diagram of accident scene

Defendants will object to any photographs of the deceased being placed into evidence as the prejudicial value of those photographs far outweigh any probative value. The Defendants have stipulated that Glen H. Close, Jr., was killed as a result of this occurrence.

## 11. WITNESSES WHO MAY BE CALLED BY PLAINTIFFS

Each of the Plaintiffs

Maryland State Troopers Corporal B.L. Townes and TFC Robert Fraley

John Eric Herko

## 12. WITNESSES WHO MAYBE CALLED BY DEFENDANT

John Christy

### EXPERT WITNESSES WHO MAY BE CALLED BY PLAINTIFF

Herman Miller

Dr. Edwin Pitto, Medical Examiner for Washington County- May not be needed

Laron Locke, M.D. May not be needed

Jacqueline L. Paral, M.D. State Medical Examiner's Office- May not be needed

State Trooper TFC Robert Fraley

### EXPERT WITNESSES WHO MAY BE CALLED BY DEFENDANTS

Gregory Manning, an accident reconstructionist

Thomas Bowers, an accident reconstructionist

Maryland State Troopers Corporal B.L. Townes and TFC Robert Fraley

Custodian of Records, State Highway Administration

## 12 LIST OF PAGES AND/OR LINES OF PORTIONS OF DEFENDANTS' DEPOSITIONS WHICH MAY BE READ TO JURY BY PLAINTIFFS

Defendant John Christy- p. 4, line 19 - p. 5, line 3; p. 9, line 12 - p. 12, line 5; p 13, line 3 -

16; p. 14, line 19 - p. 16, line 3; p. 17, line 11 - p. 18, line 20; p. 22, line 11 - 21; p. 28, line 16- p. 33, line1; p. 34, line 4 - p. 35, line 10;

State Trooper Robert Fraley, p. 6, line 3 - p. 15, line 2; p. 15, line 12 - p. 23, line 16; p. 26, line 12 - p. 35, line 5; p. 40, line 16; p. 43, line 13 - p. 44, line 13; p. 48, line 2 - p. 49, line 7; p. 51, line 21 - p. 53, line 8;

State Trooper Benjamin Townes:, p. 6, line 1 - p. 18, line 3; p. 20, line 6 - lie 7; p 21 line 5 - p. 28, line 12; p 30, line 20 - 31 line 16; p. 33 line 10 - p 45 line 14; p 46 line 2 - p 53, line 4; p 57 line 4 - p 59 line 8; Plaintiffs object to the other parts of the deposition which relate to the calling of the States Attorney to the scene of the incident, to the fact that no criminal charges were brought against Mr. Christy, to opinions expressed by the trooper who is not an expert and to guesses made by the trooper.

**LIST OF PAGES AND/OR LINES OF PORTIONS OF DEPOSITIONS WHICH MAY BE READ TO THE JURY BY DEFENDANTS**

Nancy Cline - p. 11/line 21- p. 16, line 11; p. 18/line 5 – p. 23/line 1; p. 37/line 2 – p. 39/line 3; p. 47/line 2 – 12;

Josh Cline – p. 8/line 19- p. 10/line 20; p. 19/line 5 – p. 22/line 16; p. 28/line 9 – p. 30/line 8;

Terry Marie Tunney – p. 12/line 18 – p. 13/line 17; p. 14/lines 11 – 15;

Dorothy Ann Miller – p. 11/line 13 - p. 12/line 4; p. 12/line 9 – p. 13/line 16;

Rick David Cline – p. 11/line 10-21;

Brian Cline – p. 14/lines 10-21

Maryland State Trooper Corporal Benjamin L. Townes, Jr. – entire deposition

**13. OTHER PRETRIAL RELIEF**

a. Plaintiffs have filed <u>Motion in Limine</u> which is pending argument and ruling

b. Plaintiffs filed Daubert Motion to Preclude expert testimony of Gregory Manning, accident reconstructionist called by Defendants. Despite the fact that Judge Motz denied the Motion, he stated that the Motion would be re-visited at the time of trial.

c. Plaintiffs represented by Mr. Orman and the other Plaintiffs represented by Mr. Freel and

Mr. Lewis, may file a Motion in Limine/Daubert Motion to Preclude expert testimony of Thomas Bowers.

_____/s/_____
Leonard A. Orman, P.A.
Trial Bar 00069
26 South Street
Baltimore, Maryland 21202
(410) 962-0400
Attorney for Plaintiffs

_____/s/_____
LAWRENCE E. BALLANTINE

Trial Bar No. 01948
    1 W. Pennsylvania Ave., Ste 500
Towson, Maryland 21204-5025
(410) 832-8012
Attorney for Defendants

_____/s/_____
Timothy Freel
Ellott N. Lewis
1 E. Lexington Street
Suite 201
Baltimore, MD 21201
Attorneys for Plaintiffs