UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

February 24, 2004

Elliot N. Lewis, Esquire
Elliot N. Lewis, PA
1 East Lexington Street, Suite 201
Baltimore, Maryland 21202'

Timothy R. Freel, Esquire
Freel & Freel, PC
231 Newman Street
East Tawas, Michigan 48730

Leonard A. Orman, Esquire
Leonard A. Orman, PA
26 South Street
Baltimore, Maryland 21202

Lawrence E. Ballentine, Esquire
1 W Pennsylvania Avenue, Ste 500
Towson, Maryland 21204-5025

Subject:   *Nancy J. Cline, Personal Representative of the Estate of Glen H. Cline, Jr., et al. v. John James Christy and Agape Harvester Church, Inc.*
Civil Action No. JKB-03-529

Dear Counsel:

I write to memorialize certain rulings and directives issued at yesterday's pretrial conference and Daubert hearing.

1. Gregory Manning and Thomas Bowers will not be permitted to testify for the defense as experts in accident reconstruction. The report provided by Mr. Manning pursuant to Fed. R. Civ. P. 26(a)(2)(B) is incomplete and insufficiently definite in terms of setting forth expert opinions reached with a reasonable degree of scientific certainty. Moreover, much of what is offered in Mr. Manning's report is not of a scientific nature contemplated in Fed. R. Evid. 702 and, instead, is no more than simple observation and measurement well within the ken of the lay observer. No report at all was offered by Mr. Bowers, who once had been designated as an expert by two of the plaintiffs and who the defense sought to adopt as their own shortly before trial.

2. Plaintiffs will be allowed to enter into evidence one photograph, already marked and identified as Plaintiffs Exhibit 1, of the body of the decedent at the accident scene.

3. A First Amended Proposed Pretrial Order will be provided to the Court, but not filed, no later than 2:00 p.m. on Thursday, February 26, 2004. That document will incorporate *inter alia*:

Letter to Counsel - *Cline v Agape Harvester Church, et al.*
Page 2
February 24, 2004

    A. A revised statement of facts of defendants' case that includes the issue of agency;

    B. The stipulations earlier entered into by the parties;

    C. Numbered lists of exhibits;

    D. A revised list of expert witnesses -- it is the Court's understanding that the only expert witness who will testify is Herman Miller, plaintiffs' economist, who will testify on videotape and that the parties will work together to produce an objection-free tape for presentation to the jury;

    E. An exposition of the deposition testimony to be offered into evidence, including a segregation of the testimony to which there is objection;

    F. A revised statement of other pretrial relief sought to reflect the actions taken by the Court.

4. The plaintiffs will be allowed four peremptory challenges to the venire, with neither group entitled to less than two, and the defense will be allowed four peremptory challenges.

5. The plaintiffs will provide to the defense, by close of business Thursday of this week, copies of any family photographs to be entered into evidence, along with the approximate date that each photograph was taken.

Although informal, this letter constitutes an Order of the Court and will be docketed accordingly.

    Very truly yours,

    /s/

    James K. Bredar
    United States Magistrate Judge

JKB/cw
cc: Court file
    Chambers file