IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, et al.

    Plaintiffs

v.                                          Case No. JFM-03-CV-529

AGAPE HARVESTER CHURCH, INC., et al.

    Defendants

## DRAFT AMENDED JOINT PRE TRIAL ORDER

## 1. BRIEF STATEMENT OF PLAINTIFFS' CASE

Plaintiffs are seeking to recover damages suffered by them as the result of the impact of defendants motor vehicle striking and killing Glen H. Cline, Jr., deceased (wife and father of Plaintiffs) which occurred when defendant, John James Christy ("Christy") negligently operated his motor vehicle in such a negligent manner that it struck and killed Mr. Cline.

Mr. Cline was operating his vehicle in Washington County, MD and suffered a flat left rear tire which caused him to pull onto the right shoulder of the road. Mr. Cline then removed the tire and was preparing to replace the flat tire with a spare and was standing preparing to change the left rear wheel. There was sufficient light to illuminate Mr. Cline, his position and his vehicle. The operator of one vehicle which passed Mr. Cline, clearly saw him at the side of his vehicle and, in fact, had turned around to come back and give assistance. Defendant Christy was approaching Mr. Cline and his vehicle but did not see either Mr. Cline or his vehicle because Mr. Christy was turned around and speaking to one of his children in the back seat. As a result, the car operated by Mr. Christy pulled to the right and struck both Mr. Cline and his vehicle which was on the shoulder. As a result of



being struck by Mr. Christy's vehicle, Mr. Cline was catapulted into the air and thrown a good distance from the accident site. He was then found dead on the roadway.

The Plaintiffs in this case are NANCY J. CLINE of Bay CIty, Michigan, JOSH CLINE of Bay City, Michigan, TERRY MARIE TUNNEY of Alger, Michigan, DOROTHY ANN MILLER of Prescott, Michigan, BRIAN CLINE of Prescott, Michigan , RICK DAVID CLINE of Lupton, Michigan who are the wife and children of Mr. Cline.,

As a result of the death of Mr. Cline, the Plaintiffs suffered and sustained the loss of financial support as well as the replacement value of the services that the deceased furnished or probably would have been expected to furnish, the mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, attention, advice, counsel, training, guidance or education which the wife and children have experienced or probably will experience in the future. The estate of Mr. Cline suffered damages for funeral and related expenses. and other expenses. Plaintiff Nancy Cline suffered physical injuries after falling down stairs upon her being informed of her husband's death by Bay City (MI) Police officers.

Defendants assert that Mr. Cline was contributorily negligent because he was standing or kneeling in the roadway when the subject incident occurred. Plaintiffs counter that Mr. Cline was not negligent and was acting as a reasonably prudent person in his situation would act and that, even if negligent, he was only passively negligent which was not a cause of the subject accident. The evidence will show that Defendant Christy drove his vehicle onto the shoulder of the road striking Mr. Cline's truck and then struck Mr. Cline. Whether Mr. Cline was on the shoulder behind his truck or was standing by the left rear wheel, he would have been struck and killed by Mr. Christy's vehicle.

Prior to the subject incident, Mr. Cline had placed a light to rear of his vehicle and both he and his stopped vehicle were observed by a witness who passed the stopped vehicle and had turned his vehicle around so that he could return and assist Mr. Cline. There was also overhead light which helped illuminate the area. Mr. Christy provided a statement to the state police in which he admitted that there were street lights in the area. The sole cause of the accident was Mr. Christy's failure to keep and maintain a sufficient and proper lookout and failure to see what was obviously there to see. There will be no evidence that Mr. Cline assumed the risk of the subject accident.

At the very least, Defendant had the last clear chance to avoid the accident.

## 2. BRIEF STATEMENT OF FACTS OF DEFENDANTS' CASE

Defendant Christy was operating a vehicle eastbound on Interstate 70 on April 18, 2000. As he approached the overpass of eastbound 70 and Interstate 81 he struck and killed Glen H. Cline, Jr. At the time of the impact, the decedent, Glen H. Cline, Jr., was stopped or kneeling in the traveled portion of the right hand eastbound lane of Interstate 70 attempting to change a tire on his pickup truck. The area was not well lit and the weather was raining and overcast.

Defendant Christy believes that the Plaintiffs' claims are barred by the doctrine of contributory negligence and assumption of risk. The Defendants also deny that there is any credible evidence that the Plaintiffs, Terry Marie Tunney, Dorothy Ann Miller, Brian Cline or Rick David Cline received any financial support from decedent at the time of his death.

## 3. ANY AMENDMENTS NEEDED OF PLEADINGS

Plaintiffs claims against Agape are dismissed based on representations by Defendant as set out in paragraph 4 below.

## 4. ISSUES OR PLEADINGS TO BE ABANDONED

Based on the representation and commitment by Defendants and their liability insurance carrier to satisfy any judgment rendered in this case up to applicable statutory damages limitations, the Plaintiffs will dismiss Agape Harvester Church as a party Defendant in this case.

## 5. STIPULATIONS MADE AND/OR REQUESTED

a. Mr. Cline was killed as the result of being struck by the Christy vehicle.

b. The death of Glen H. Cline, Jr. as well as the damage to both the Cline and Defendant's vehicle so depicted within Townes Deposition Exhibits 2-8 was caused by the subject accident giving rise to the instant action.

c. .The Medical Examiner's Report pertaining to said decedent shall be admissible at Trial

d. The 31 January 2003 deposition transcripts of Corporal Benjamin Townes shall be used at Trial in lieu of live testimony, subject to any proper evidentiary objections.

e. The Townes deposition Exhibits 2-8 shall be admissible at Trial and Defendants' counsel shall produce and make same available at the time of trial.

f. Plaintiffs' expert, Herman Miller shall testify via de bene esse deposition video and/or stenographic deposition

g. The life expectancy of a 63 year old white male at the time of Mr. Cline's death, was 17.1 years as established by Vital Statistics of the United States.

h. Nancy J. Cline is the personal representative of the estate of Glen H. Cline, Jr. and Josh Cline, Terry Tunney, Dorothy Ann Miller, Brian Cline and Rick David Cline are the children of Glen H. Cline, Jr.

## 6. DETAILS OF DAMAGES CLAIMED AND OTHER RELIEF SOUGHT

Death of Mr. Cline, Damages set out in Maryland Code for wrongful death and survivors, funeral and related expenses

## 7. PLAINTIFF INCURRED THE FOLLOWING BILLS, LOSSES

Funeral Expenses $2,004.55

Funeral Flowers & Food $1,371.13
Towing & Retrieval of Truck $871.06

## 8. LIST OF DOCUMENTS AND OTHER EXHIBITS INCLUDING SUMMARIES OF OTHER EVIDENCE.

1. Admissible portions of Police report
2. Photographs- Plaintiff's vehicle
3. Photographs- Defendants' vehicle
4. Photographs of accident scene
5. Photographs of deceased (Defendant will object to any photographs not produced by discovery
6. Diagrams drawn in court
7. Statement of Defendant Christy
8. Vital Statistics and Life Tables of United States
9. State Highway Administration Diagrams of Accident Scene (subject to objections
10. Funeral and related bills

## 9. LIST OF DOCUMENTS AND OTHER EXHIBITS INCLUDING SUMMARIES OF DOCUMENTS OF OTHER EVIDENCE

admissible portions of police report
photographs of vehicles involved in collision
photographs of scene
photographs of deceased (Defendant will object to any photographs not produced by discovery)
letters of administration
death certificate
autopsy report
diagrams of accident scene
funeral bill
State Highway Administration diagram of accident scene
Herman Miller chart establishing value of loss of household services

Defendants object to photographs of the deceased at the scene of the subject incident being placed into evidence as the prejudicial value of those photographs far outweigh any probative value. The Defendants have stipulated that Glen H. Cline, Jr., was killed as a result of this occurrence.

## 10. WITNESSES WHO MAY BE CALLED BY PLAINTIFFS

Each of the Plaintiffs

Maryland State Troopers Corporal B.L. Townes and TFC Robert Fraley

John Eric Herko

### 11. WITNESSES WHO MAYBE CALLED BY DEFENDANT

John Christy

### 12. EXPERT WITNESSES WHO MAY BE CALLED BY PLAINTIFF

Herman Miller

### 13. EXPERT WITNESSES WHO MAY BE CALLED BY DEFENDANTS

None, pursuant to rulings by the court

### 14 LIST OF PAGES AND/OR LINES OF PORTIONS OF DEFENDANTS' DEPOSITIONS WHICH MAY BE READ TO JURY BY PLAINTIFFS

Defendant John Christy- p. 4, line 19 - p. 5, line 3; p. 14, line 19 - p. 16, line 3; p. 17, line 19- p. 18, line 20; p. 22, line 11 - 21; p. 34, line 3 - p. 35, line 10;

State Trooper Robert Fraley, p. 6, line 3 - p. 15, line 2; p. 15, line 12 - p. 23, line 16; p. 26, line 12 - p. 35, line 5; p. 40, line 16; p. 43, line 13 - p. 44, line 13; p. 48, line 2 - p. 49, line 7; p. 51, line 21 - p. 53, line 8;

State Trooper Benjamin Townes:, p. 6, line 1 - p. 17, line 1; p. 20, line 6 - line 7; p 21 line 5 - p. 28, line 12; p 30, line 20 - 31 line 16; p. 33 line 10 - p. 53, line 4; p. 57 line 4 - p 61 line 6; p. 63 line line12 beginning with word "and" - p. 65 line 9; p. 68 line 19 - p. 69 line 6
;

### 15. LIST OF PAGES AND/OR LINES OF PORTIONS OF DEPOSITIONS WHICH MAY BE READ TO THE JURY BY DEFENDANTS

Nancy Cline - p. 11 line 21- p. 16  line 11

Josh Cline – p. 19 line 5 – p. 22 line 16 OBJECTED TO BY ORMAN'S CLIENTS AND CONCURRED BY OTHER PLAINTIFFS BASED ON HEARSAY, SPECULATION AND CONJECTURE

Terry Marie Tunney – p. 13 line 18 -  p. 14 line 22

Maryland State Trooper Corporal Benjamin L. Townes, Jr. – as set out in 14 above

### 16. OTHER PRETRIAL RELIEF

a. None other than has already been granted by the Court.

/s/
_____
Leonard A. Orman, P.A.
Trial Bar 00069
26 South Street
Baltimore, Maryland 21202
(410) 962-0400
Attorney for Plaintiffs

/s/
_____
LAWRENCE E. BALLANTINE

Trial Bar No. 01948
1 W. Pennsylvania Ave., Ste 500
Towson, Maryland 21204-5025
(410) 832-8012
Attorney for Defendants

/s/
_____
Timothy Freel
Ellott N. Lewis (w/ Amendments)
1 E. Lexington Street
Suite 201
Baltimore, MD 21201
Attorneys for Plaintiffs

Entered & So Ordered:*

James K. Bredar, USMJ

March 1, 2004

* w/ attached agreed revision

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, et al

    Plaintiffs                 *

v.                                       *

                                                   CASE NUMBER: JFM-03-CV-529

AGAPE HARVESTER CHURCH, INC., et al   *

    Defendants             *

                       *******************************

REVISION TO DRAFT AMENDED JOINT PRE-TRIAL ORDER

5. A. Stipulation Made and/or Requested

    g. The life expectancy of a 64 year old male at the time of Mr. Cline's death was 16.8 years as established by Vital Statistics of the United States.

6. Expert Witnesses Who May Be Called By Plaintiff

    Herman Miller, an economist, who will testify that the present value of the loss of household services by Nancy J. Cline due to her husband's death is $184,727.00.

_____
Lawrence E. Ballantine, Esq.
Attorney for Defendant

_____
Timothy R. Freel, Esq.
Freel & Freel, P.C.
Elliot N. Lewis, Esq.
Elliot N. Lewis, P.A.

_____
Leonard A. Orman, Esq.
Leonard A. Orman, P.A.

Attorneys for Plaintiff