IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NANCY J.CLINE, individually, and as Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, *et al*, | * <br> * |
| Plaintiffs, | * |
| v | Case No.: JFM–03–CV-529 <br> * |
| JOHN JAMES CHRISTY, *et al.*, | * |
| Defendants. | * |

## MOTION TO ALTER OR AMEND JUDGMENT

**NOW COMES** one of the Plaintiffs in the above captioned matter, NANCY J. CLINE, as Personal Representative of the ESTATE OF GLEN H. CLINE, JR., Deceased, by and through her attorneys, Timothy R. Freel, Esquire, Freel & Freel, P.C., Elliot N. Lewis, Esquire and Elliot N. Lewis, P.A., and moves this Honorable Court to Alter or Amend the Judgment entered in the above captioned matter, and for such cause states as follows, *TO-WIT*:

1. The above captioned matter was submitted for trial before this Honorable Court from March 1, 2004 to March 4, 2004.

2. That on 5 March 2004, Judgment was entered by this Honorable Court pursuant to the Verdict entered in said cause.

3. That the economic damages suffered and claimed by the Estate of Glen H. Cline, Jr. were $4,246.74. This was specifically **stipulated and agreed to** by and between the parties as the damages of the Plaintiff Estate. See *Final/Amended* **Joint Pre-Trial Order**, and **Stipulations** *of the parties* read into the record on day 2 (2 March 2004) of the proceedings.

4. That, in view of said Stipulation, this Honorable Court clearly and unambiguously instructed the Jury as follows:

   "**The economic losses sustained by the estate in this case are those that were stipulated to by the parties and amount to $4,246.74**."

   See *"Jury Instruction Z"*

5. That the only evidence submitted to the jury relative to said Estate damages, other than the parties' aforesaid Stipulation in this respect, was Plaintiff Nancy Cline's testimony confirming said amounts and a copy of the Funeral bill (Plaintiffs' Exhibit 12). All such

1

evidence was undisputed, and again, the same was specifically <u>Stipulated</u> to by Defendant and the Plaintiffs.

6. That the jury considering this case found and determined liability as against the Defendant, John J. Christy, and failed to find either Contributory Negligence as a proximate cause or Assumption of Risk on the part of Plaintiffs' decedent.

7. That in its Verdict, the Jury clearly erred in failing to include those economic damages of the Estate, which, again, were stipulated and agreed to by and between the parties.

8. That the Jury's Verdict in this respect clearly and undeniably ignores this Court's Instructions as set forth within aforesaid Jury Instruction Z.

9. That notwithstanding, the Jury's Verdict in this respect is entirely against **all** evidence as to the Estate's damages, much less the "great" or "substantial" weight thereof: The parties' Stipulation and Ms. Cline's testimony that such damages were, specifically, $4,246.74, and Plaintiffs' Exhibit 12.

    There was no evidence submitted by Defendant whatsoever, much less any inferences to be drawn therefrom, upon which a fact finder could find any damages less than or different from $4,246.74. All evidence of the Estate's damages were stipulated to, corroborated by testimony and Plaintiffs' Exhibit 12, and were otherwise entirely "uncontradicted and unimpeached." <u>Reeves</u> v <u>Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 149 - 151; 120 S. Ct. 2097; 147 L. Ed. 2d 105 (2000), citing <u>Anderson</u> v <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 and 300; 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

10. That notwithstanding, reasonable minds could not differ but that the Estate's damages were, specifically, $4,246.74. And "the record evidence is (otherwise) insufficient to justify" a verdict for Estate damages in any amount less than or different from $4,246.74. <u>Weisgram</u> v <u>Marley Co.</u>, 528 U.S. 440, 443;120 S. Ct. 1011; 145 L. Ed. 2d 958 (2000).

11. That:

    "when, on the trial of the issues of fact in an action at law before a Federal court and a jury, the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff or the defendant, as the case may be, so that such a verdict, if returned, would have to be set aside, the court may ***and should*** direct a verdict for the other party" (emphasis added)

    <u>Slocum</u> v <u>New York Life Insurance Co.</u>, 228 U.S. 364, 369; 33 S. Ct. 523; 57 L. Ed. 879 (1913).

    ***WHEREFORE,*** said Plaintiff moves this Honorable Court to alter or amend the Judgment entered in the above case by reflecting and including those economic damages suffered by the Estate in the amount of $4,246.74, as so Stipulated and Instructed.

Dated: 9 March 2004



Timothy R. Freel, Esquire  
Freel & Freel, P.C.  
Attorneys for Plaintiff Estate  
231 Newman Street  
East Tawas, Michigan  48730  
(989) 362-3443  
tim@freelpc.net

Elliot N. Lewis, Esq.  
Elliot N. Lewis, P.A.  
Attorneys for Plaintiff Estate  
1 East Lexington Street, Suite 201  
Baltimore, Maryland 21202  
(410) 962-1442

Statement of Points and Authorities:

FRCP59

## VERIFICATION

I/We hereby certify under the penalties of perjury that the above stated facts are true and correct to the best of my/our knowledge, information and belief.



Timothy R. Freel, Esquire

Elliot N. Lewis, Esquire

## NOTICE OF FILING/SERVICE

I hereby certify that on this 9th day of March, 2004, the foregoing *Motion To Alter or Amend Judgment*, and the following Order (proposed), were electronically filed in the above-captioned cause.  A copy was as well forwarded to the Judge's chambers via facsimile.



Timothy R. Freel, Esquire

3

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NANCY J.CLINE, individually, and as Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, *et al*, | * |
| Plaintiffs, | * |
| v | Case No.: JFM–03–CV-529 |
| | * |
| JOHN JAMES CHRISTY, *et al.*, | * |
| Defendants. | * |

## **ORDER**

It is hereby ordered that the Judgment rendered in the above-captioned matter shall be amended to reflect an additional judgment for economic damages of **$4,246.74** for the Estate of Glen H. Cline, Jr., Deceased.

_____

Judge