**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

NANCY J. CLINE Personal
Representative of THE ESTATE OF
GLEN H. CLINE, JR., Deceased, et al
    Plaintiffs

V.                                              CASE NUMBER: JKB-03-CV-529

JOHN JAMES CHRISTY, et al.

    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS TERRY TUNNEY, DOROTHY MILLER, BRIAN CLINE and RICK CLINE'S MOTION FOR PARTIAL NEW TRIAL

COME NOW the above named Plaintiffs, by and through their attorney, Leonard A. Orman, P.A., and respectfully move this Court pursuant to the Local and Federal Rules of Civil Procedure to grant their Motion for a Partial New Trial. In support of this motion, said Plaintiffs submit the attached Memorandum and Points of Authorities.

WHEREFORE, the above named Plaintiffs request that they be given a Partial New Trial on the issue of Damages.

_____
Leonard A. Orman, P.A.
Federal Bar Number 00069
26 South Street
Baltimore, MD 21202
410-962-0400
Attorney for Movants

CERTIFICATE OF MAILING

    I HEREBY CERTIFY, that copies of Plaintiffs' Motion for Partial New Trial and Memorandum of Points and Authorities were mailed this 9th day of March, 2003, to Lawrence C. Ballantine, Esq., Suite 500, One West Pennsylvania Avenue, Towson, MD 21204, Timothy R. Freel, Esquire, 231 Newman Street, East Tawas, Michigan, 48730 and Elliot N. Lewis, Esq., 1 E. Lexington Street, Suite 201, Baltimore, MD 21202, attorney for Plaintiffs, Nancy J. Cline and Josh Cline.

                                                                               _____

                                                                               Leonard A. Orman, P.A.
26 South Street
Baltimore, MD 21202
410-962-0400
Attorney for Movants

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE Personal
Representative of THE ESTATE OF
GLEN H. CLINE, JR., Deceased, et al
    Plaintiffs

V.                                      CASE NUMBER: JKB-03-CV-529

JOHN JAMES CHRISTY, et al.
    Defendants

**************************************************************************

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR A PARTIAL NEW TRIAL

TERRY TUNNEY, DOROTHY MILLER, BRIAN CLINE AND RICK CLINE PLAINTIFFS, by and through their attorney, Leonard A. Orman, P.A., submit this Memorandum of Points and Authorities and respectfully moves this Court pursuant to the Local and Federal Rules of Civil Procedure to grant their Motion for a Partial New Trial. In support of said Motion, Plaintiffs submit the following Memorandum of Points and Authority in Support of Plaintiffs' Motion for Partial New Trial.

BACKGROUND

On April 18, 2000, Defendant, John Christy was operating his motor vehicle in an easterly direction on U.S. Rt. 70 when he struck and ran into Glenn Cline, Jr.'s disabled truck and then ran into and killed Mr. Cline, Jr. Mr. Cline, Jr. was the husband of Nancy Cline and father of Josh Cline, Terry Tunney, Brian Cline and

Rick Cline, all of whom joined in this law suit against Mr. Christy. Terry Tunney, Dorothy Miller and Rick Cline have joined to present this Motion for Partial New Trial.

The wrongful death action was tried in the United States District Court for the District of Maryland before a jury and Magistrate Judge James K. Bredar on March 1, 2 and 4, 2004. Evidence was presented to the jury regarding the relationship between each of the Plaintiffs and the late Glenn Cline, Jr. and how each of the Plaintiffs was affected by the death of Mr. Cline, Jr. Evidence was presented that Mr. Cline, Jr. had a life expectancy of 16.8 years at the time of his death. Plaintiff, Nancy Cline, introduced expert economic evidence that the death of her husband caused her to lose Mr. Cline, Jr.'s assistance, which was valued by an expert economist to be in excess of $181,000.00. The parties stipulated that the Estate of Mr. Cline, Jr. suffered economic damages in the amount of $4,246.74

The court instructed the jury on the relevant law regarding negligence, contributory negligence, assumption of risk and the elements of Wrongful Death damages.  The Court then presented the jury with issues to be individually answered by the jury.  The Court instructed the jury on the relevant law of liability and damages, including that it should consider whether or not Mr. Christy was negligent in the operation of his motor vehicle and whether such negligence was a cause of the subject collision and death of Mr. Cline, Jr., whether Mr. Cline, Jr., was contributorily negligent, whether such contributory negligence was a cause of the collision and death, and whether Mr. Cline, Jr. assumed the risk of the collision and his death.  The jury, after deliberating less than 3 hours, returned a verdict on March 4, 2004 finding, *inter alia*, that Defendant was negligent and that his negligence was a cause of the subject collision and death of Glenn Cline, Jr., that Mr. Cline, Jr., was contributorily negligent but said negligence was not a cause of the collision and death, and that Mr. Cline, Jr. did not assume the risk of the collision or his death.

The jury then assessed damages as follows:

- 0 damages for the estate of Glen Cline, Jr. despite the fact that the parties had stipulated to a specific figure for said damages.

- $100.000.00 for the value of Mr. Cline's lost services to his wife, Nancy, despite the fact that the expert economist testified to a figure in excess of $181,000.00 and she testified that she was physically in need of those lost services.

- $150,000.00 to Nancy Cline despite the fact that she had been happily

married to Mr. Cline for more than 20 years and could have expected the marriage to continue for an additional 16.8 years.

- $25,000.00 to Josh Cline despite the fact that he had lived with Mr. Cline, Jr., for all of his 20 years, was still living with him at the time of his death and suffered a grevious loss when his father was killed.

- $8,000.00 each to Terry Tunney, Dorothy Miller, Brian Cline and Rick Cline, despite the fact that they suffered a grevious loss when their father was killed and they could have expected to maintain ongoing relationships with him for another 16.8 years. Each of them had a special relation with Glenn Cline, Jr., whose death caused much anguish, agony, unhappiness and other losses.

Judgment was entered by this Court on March 5, 2004. Movants assert that they are entitled to a partial new trial on the sole issue of damages for the following reasons:

Federal Rules of Civil Procedure 50 and 59 permit the Court to grant a new trial upon a party's timely motion and on proper grounds. Specifically, Fed R. Civ. P. 50 (b) provides:

> The court may set aside all or part of any judgment entered and grant a new trial to all or any of the parties and on all of the issues if the issues are fairly severable.

Fed. R. Civ. P. 59 (a) states:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the

>courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

A motion for a new trial is within the discretion of the trial court and a new trial should be granted if the verdict is against the clear weight of evidence, or if the verdict is inequitable or if the failure to do so would deny a party the right to a fair trial, or cause a miscarriage of justice, or cause the denial of a substantial right. See Rule 59 (a) ; Snyder v. Cearfoss, 186 Md. 360, 368, 46 A.2d 607 (1946); Buck v. Cam's Broadloom Rugs, Inc., 87 Md. App. 561, 590 A.2d 1060 cert. granted, 324 Md. 518, 597 A.2d 971, vacated, 328 Md. 51, 612 A.2d 12294, on remand, 96 Md App. 794, cert. denied 332 Md. 453, 632 A.2d 150 (1992). Movants were denied their rights to a fair trial by the jury, and the verdict of the jury amounted to a miscarriage of justice.

## ARGUMENT

1. The amount of the judgments awarded to Movants were against the evidence.

2. The amount of the judgments awarded to Movants were against the weight of the evidence.

3. Once the jury determined that Defendant's negligence caused the collision and the death of Mr. Cline, Jr., it makes no sense that it failed to award more than nominal damages for the losses sustained by the Movants for the loss of their father.

4. The amount of damages awarded to the Movants apparently resulted from the

jury's failure to follow the instructions of this court or impatience to complete their service to the court.  The jury , as it ignored the Court's instruction regarding stipulated economic damages for the Estate of Mr. Cline, Jr., ignored the Maryland Wrongful Death Law and the Court's instructions which it was required to consider pertaining to the Movants' losses brought about by the death of their dad.

     5. The amount of damages awarded to Movants was obviously arbitrary and contrary to the Maryland law.

     6. The amount of damages awarded by the jury to Movants was totally inadequate and requires a partial new trial on the issue of damages.  See  5 ALR5th 875.

     7. The amount of the damages awarded to Movants is contrary to the Court's Instructions and contrary to the Maryland Wrongful Death statute which require the jury to consider the following elements of damages:  **mental anguish, emotional pain and  suffering, loss of society, companionship, comfort, protection, parental care, attention,  advice, counsel, training, guidance or education which the child has experienced or  probably will experience in the future.**   The trial court properly and fully instructed the jury on each of the above damage elements.

     It is apparent that the jury decided it was not going to award more than a total of approximately $300,000.00 thereby depriving movants and non-movants of the damages to which they are entitled.  The failure of the jury to award the stipulated economic damages to the Estate of Glenn Cline, Jr. and the failure of the jury to award the

full amount of economic damages to Nancy Cline, clearly illustrates that this jury did not follow the law or the Court's instructions regarding what it should consider in evaluating the losses suffered by the Plaintiffs.

8. The amount of the damages awarded to Movants by the jury was so totally unfair and inequitable that said awards should shock the conscience of this court and require a Partial New Trial on the issue of damages.  Such relief is clearly permissible under Rule 59(a).  A motion for new trial is normally within the discretion of the trial court, and a new trial should be granted if the verdict is against the weight of the evidence, if the verdict is inequitable, or if the failure to grant a new trial would deny a party the right to a fair trial, cause a miscarriage of justice, or cause the denial of a substantial right.  *See Snyder v. Cearfoss*, 186 Md. 360, 368, 46 A.2d 607 (1946); *Buck v. Cam's Broadloom Rugs, Inc.*, 87 Md. App. 561, 590 A.2d 1060, *cert. granted*, 324 Md. 518, 597 A.2d 971, *vacated*, 328 Md. 51, 612 A.2d 1294, *on remand*, 96 Md. App. 794, *cert. denied*, 332 Md. 453, 632 A.2d 150 (1992). Here, Plaintiffs Terry Tunney, Dorothy Miller, Brian Cline and Rick Cline were were denied their  right to a fair trial by the jury as the verdict was against the evidence and

amounted to a  miscarriage of justice.  Rule 59 (a) clearly instructs the courts to consider the reasons New Trials are given throughout the United States.  Since the subject collison and death took place in Maryland and the case was tried under Maryland law, we submit\ that this Court should consider the Maryland law regarding New Trials.

Clearly, the jury did not fairly deliberate on the issues of damages. The ZERO verdict on the estate's claim is demonstrative evidence of this failing. The jury's shocking award for non-economic losses falls well short of making the Plaintiffs whole and is a miscarriage of justice. No part of the damages verdict is reliable, and the jury's quick fix, possibly an averaging approach, denied all of the Movants as well as the Non-Movants, a right to a fair trial. Respectfully, after entering judgment against Mr. Christy on liability, a new trial on damages should be ordered. *See Greenstein v. Meister*, 279 Md. 275, 368 A.2d 451 (1977)(the decision to grant a new trial because of the inadequacy or excessiveness of a verdict lies within the sound discretion of the trial judge); *Leizear v. Butler,* 226 Md. 171, 172 A.2d 518 (1961)(it is within the discretion of the trial court to grant or refuse a new trial on the claim the verdict, which failed to award damages for pain and suffering, was inadequate); *Trombero v. McWilliams*, 221 Md. 399, 157 A.2d 801 (1960)(inadequacy of verdict may be basis of a motion for new trial).

    9. The Jury Failed to Deliberate, Consider the Testimony Presented During Trial, and Review the Exhibits Admitted into Evidence.

The verdict of a jury should be the result of the exercise of judgment, reflection, and conscientious conviction applied to all of the evidence. *See Drolsum v. Luzuriaga*, 93 Md. App. 1, 611 A.2d 116, *cert. denied*, 328 Md. 237, 614 A.2d 83 (1992). The jury should likewise be fair and impartial to all parties during their deliberations. *Ford Motor Co. v.*

*Wood*, 119 Md. App. 1, 12, 703 A.2d 1315, 1320, *cert. denied*, 349 Md. 494, 709 A.2d 139 (1998).  Here, the jury failed in its obligations to deliberate and to consider the evidence presented during trial.

      10. The Jury's Damage Award to Plaintiffs was unfair, inequitable, and ignored both the evidence presented and the Maryland Law. The damages awarded exhibited an inherent unfairness and a disregard for the Court's jury instructions.  For example, the Estate was awarded nothing even though the parties stipulated to a specific figure for said damages.  Movants were awarded a mere $8,000.00 each for non economic damages.  These awards (as well as the award of $25,000.00 to Josh Cline) were so shocking that they represent a miscarriage of justice.  The notion that Movants' non-economic losses had this value is insulting.  It is inexplicable that a fair jury could conclude that this situation has had and will have in the future, no impact on Movants.

      Clearly, the jury did not fairly deliberate on the issues of damages.  The ZERO verdict on the estate's economic loss claim is demonstrative evidence of this failing.  The jury's shocking award for non-economic losses falls well short of making the Movants whole and is a miscarriage of justice.  No part of the damages verdict is reliable, and the jury's quick fix, possibly an averaging approach or setting its own CAP on damages , denied  the Movants as well as the Non-Movants, a right to a fair trial.

      11. "...when, on the trial of the issues of fact in an action of law before a Federal

court and a jury, the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff or defendant, as the case may be, so that the verdict, if returned, would have to be set aside, the court may and **should** direct a verdict for the other side (emphasis added).  <u>Slocum v. New York Life Insurance Co.</u>, 228 U.S. 369, 33 S. Ct. 523, 53 .L.Ed 879 (1913).

CONCLUSION

The jury in the present case did not fairly and impartially consider the damage evidence before it, therefore, the verdicts it rendered to Movants, are unreliable and must be overturned and a New Trial on the Issue of Damages should be granted to Movants.

_____
Leonard A. Orman, P.A.
Federal Bar Number 00069
26 South Street
Baltimore, MD 21202
410-962-0400
Attorney for Movants

REQUEST FOR A HEARING

Movants request a hearing on their Motion for Partial New Trial.

_____
Leonard A. Orman, P.A.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**NANCY J. CLINE Personal**

**Representative of THE ESTATE OF**

**GLEN H. CLINE, JR., Deceased, et al**

      **Plaintiffs**

**V.**                                           **CASE NUMBER: JKB-03-CV-529**

**JOHN JAMES CHRISTY, et al.**

      **Defendants**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

                       **ORDER**

**After consideration of Plaintiffs Terry Tunney, Dorothy Miller, Brian Cline and Rick Cline's Motion for Partial New Trial, it is this        day of 2004, by the United States District Court for the District of Maryland ORDERED that said Plaintiffs' Motion is hereby granted and a New Trial is hereby Ordered on the sole issue of damages sustained by said Movants as the result of the death of their father, Glenn Cline, Jr.**

_____
**Judge**