IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J.CLINE, individually, and as Personal       *
Representative of THE ESTATE OF GLEN
H. CLINE, JR., Deceased, *et al*,                  *

    Plaintiffs,                                *

                                      Case No.: JKB–03–CV-529

v                                                  *

JOHN JAMES CHRISTY, *et al.*,                      *

    Defendants.                                *

## PLAINTIFFS NANCY AND JOSH CLINES' BILL OF COSTS

**NOW COME** the Plaintiffs, NANCY J. CLINE, individually and as Personal Representative of the ESTATE OF GLEN H. CLINE, JR., Deceased, and JOSH CLINE, by and through their attorneys, Timothy R. Freel, Esquire, Freel & Freel, P.C., Elliot N. Lewis, Esquire and Elliot N. Lewis, P.A., and do hereby submit their following Bill of Costs and request pursuant to FRCP 54 and Local Rule 109 that the same be awarded and taxed to Defendant hereto, Judgment having been entered in said cause on 5 March 2004, ***TO-WIT***:

### Deposition Transcripts

| | | |
|---|---|---:|
| 1. | **Dr. Herman Miller**, Plaintiff Nancy Cline's expert economist (Iron Mountain Productions and Art Miller & Associates, Inc. Invoices, attached): | $448.85 |
| 2. | **John James Christy**, Defendant (Tri State Reporters, Inc. Invoice, attached): | $199.00 |
| 3. | **Corporal Benjamin M. Townes, Jr.** and **TFC Robert Fraley** (L.A.D. Reporting Co., Inc. Invoice, attached): | $425.00 |
| 4. | **John Edward Herko** (L.A.D. Reporting Co., Inc. Invoice, attached): | $125.00 |

1

| | | |
|---|---|---|
| 6. | **Nancy Cline** and **Josh Cline**, Plaintiffs (L.A.D. Reporting Co., Inc. Invoice, attached): | $312.50 |

**Process Server and Witness/Mileage Fees (Trial)**

| | | |
|---|---|---|
| 7. | Service Fee – TFC Robert Fraley (Western Maryland Investigations Invoice, attached): | $45.00 |
| 8. | Service Fee – John Edward Herko (Western Maryland Investigations Invoice, attached): | $45.00 |
| 9. | Service Attempt Fee – Cpl. Benjamin Townes (Western Maryland Investigations Invoice, attached): | $15.00 |
| 10. | Witness Fee – John E. Herko (28 U.S.C. § 1821): | $40.00 |
| 11. | Mileage Fee – John E. Herko (28 U.S.C. § 1821): (Libertytown, MD to Baltimore, MD, 96.2 miles @ $.375/mile, MapQuest printout attached) | $36.08 |

**Docket Fees**

| | | |
|---|---|---|
| 12. | Attorney's Docket Fee (28 U.S.C. § 1923[a]): | $20.00 |
| | **TOTAL:** | **$1,711.43** |

**ATTORNEY AFFIDAVIT**

STATE OF MICHIGAN}
                 } ss.
COUNTY OF IOSCO}

    I, Timothy R. Freel, being duly sworn do solemnly affirm under the penalties of perjury that the following is true and accurate to the best of my knowledge, information and belief, ***VIZ:***

1. That I am a legally competent adult.

2. That I am attorney for the aforesaid taxing Plaintiffs, and have personal knowledge of the facts relevant to the instant Bill of Costs.

3. That the foregoing cost items are correct, and have necessarily been incurred and/or the Plaintiffs have necessarily become indebted with respect to same, in the above-captioned cause.

2

4. That the services for which fees were charged were actually and necessarily performed.

***FURTHER AFFIANT SAYETH NOT.***



Dated: 17 March 2004

Timothy R. Freel, Esquire
Attorney for Plaintiffs Nancy and Josh Cline

The foregoing Affidavit was sworn and subscribed before me, a Notary Public, this 17th day of March, 2004.

Barbara A. Siwek, Notary Public
Iosco County, State of Michigan
My commission expires: 1/31/2008

### MEMORANDUM IN SUPPORT OF BILL OF COSTS and REQUEST FOR TAXATION THEREOF

*Local Rule 109 1. b.*

Plaintiffs NANCY J. CLINE, individually and as Personal Representative of the Estate of Glen H. Cline, Jr., Deceased, and JOSH CLINE submit that the foregoing costs incurred incident to the above-captioned litigation and Trial of said cause are allowable and properly taxable to Defendant.

Plaintiffs were both awarded sums-certain by jury verdict following Trial from 1 March – 4 March, 2005 (Hon. James K. Bredar, presiding). They have thus prevailed on significant legal issues in the litigation, and therefor achieved at least some of the benefit sought in filing the instant lawsuit. They are therefor "prevailing parties" and entitled to tax allowable costs to Defendant. Hensley v Echerhart, 461 U.S. 424; 103 S.Ct. 1933; 76 L.Ed.2d 40 (1983).

3

**Depositions/Transcript costs**

The primary question in this respect is whether or not the depositions in question were reasonably necessary for the party's case in light of the particular circumstances at the time of taking. It is not necessary that the deposition itself was actually introduced or used at trial. Advance Business Systems & Supply, Co. v SCM Corporation, 287 F. Supp. 143, 165 (D.Md. 1968); See Mitchell v City of Moore, Oklahoma, 218 F.3d 1190 (10th Cir. 2000).

The video and stenographically transcribed deposition of **Dr. Herman Miller** was the sole source of his testimony at Trial, and was taken specifically pursuant to the Stipulation of the parties. See *Parties' Stipulation As To Evidentiary Matters*, and *Final/Amended Joint Pre-Trial Order*. The video was necessary to convey the witness to the jury; the transcript was necessary to assist Plaintiffs and Defendants in editing-out Objections, and ultimately, producing the stipulated final, edited video tape at Trial. Moreover, the Jury awarded Plaintiff Nancy Cline the sum of $100,000.00 for her economic damages attendant to the loss of her deceased husband's household services. This was the sole object of Dr. Miller's testimony. Plaintiffs submit that the fees charged by Iron Mountain Productions and Art Miller & Associates, Inc. are reasonable.

Similarly, the deposition transcript of Maryland State Police Corporal **Benjamin Townes, Jr.** was the sole source of his testimony at trial, given that he was unavailable to testify due to having been activated to military duty. Further, the use of his deposition was, as well, Stipulated to by the parties. See *Stipulation* and *Joint Pre-Trial Order* referenced, *supra*.

Plaintiffs as well seek reimbursement for the cost of the depositions of witnesses (Maryland State Police TFC) **Robert Fraley** and **John E. Herko**, both of whom testified live during the trial. Plaintiffs submit that procurement of their depositions at the time same were taken (31 January 2003) were no doubt absolutely necessary in not only Plaintiffs' discovery of

4

matters relevant to the subject accident and development of their case theory, but as well in the anticipation and development of said witnesses' testimony taken at trial. Additionally, the transcripts of both Mssrs. Fraley and Herko were actually used during the trial to refresh present recollection, evidence past recollection recorded, and for rehabilitation during direct and/or re-direct examination. Plaintiffs further submit that the fees charged for these deposition services are standard, customary and otherwise reasonable in all respects.

Plaintiffs finally seek reimbursement for the costs of **their own** and **Defendant Christy's** depositions. Obviously, all of same were crucial to Plaintiffs in their development of the case, and in particular, Plaintiffs' trial testimony and cross-examination of Defendant Christy. The fees charged are customary and reasonable.

### Witness Fees and Process Service Costs

Plaintiffs as well seek their costs incurred for serving Trial subpoenas on witnesses **Fraley** and **Herko** – each at $45, and for the $15.00 charged for the attempted service on Townes. Again, both Fraley and Herko testified during Plaintiffs' case in chief, and Corporal Townes was unable due to military duty status. Likewise, Plaintiffs seek Mr. Herko's $40 witness fee and $36.08 mileage fee per 28 U.S.C. § 1821; said mileage is based upon a roundtrip distance of 96.2 miles, chargeable at $.375 per mile. See *MapQuest* mileage computation/map, attached hereto.

### Docket Fees

Lastly, Plaintiffs request a docket fee of $20.00 as permitted by 28 U.S.C. § 1923(a).

**WHEREFORE,** the Clerk is respectfully requested to tax and include within the Judgment entered and/or any amendment thereto, the foregoing costs in the total amount of **$1,711.43**.



Respectfully submitted,

Dated: 17 March 2004

FREEL & FREEL, P.C.
By Timothy R. Freel, Esquire
Attorneys for Plaintiffs Nancy and Josh Cline

## CERTIFICATE OF FILING/SERVICE

I hereby certify that on this 17th day of March, 2004, the foregoing *Bill of Costs, Affidavit, Memorandum*, and the following *Exhibits*, were electronically filed in the above-captioned cause.

Timothy R. Freel, Esquire