IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NANCY J. CLINE, Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, et al | * |
| | * |
| Plaintiffs | * |
| v. | * |
| | CASE NUMBER: JFM-03-CV-529 |
| JOHN JAMES CHRISTY | * |
| Defendant | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RESPONSE AND OPPOSITION TO PLAINTIFFS', TERRY TUNNEY, DOROTHY MILER, BRIAN CLINE, AND RICK CLINE, MOTION FOR PARTIAL NEW TRIAL

Defendant, John James Christy, by his attorney, Lawrence E. Ballantine, files this Response and Opposition to the Motion for Partial New Trial filed by Plaintiffs, Terry Tunney, Dorothy Miller, Brian Cline, and Rick Cline, and says:

1. The award of the jury in this case to the moving Plaintiffs is not against the weight of the evidence.

2. There was ample evidence submitted at trial to justify the award of the jury to these moving Plaintiffs.

3. Plaintiffs have provided no legitimate reason or argument for this Court to overturn the award of the jury in this case.

4.	In further support of his opposition to Plaintiffs' Motion, Defendant submits the attached Memorandum of Points and Authorities.

                                                    _____/s/_____
                                                  LAWRENCE E. BALLANTINE
                                                  Trial Bar No. 01948
                                                  Attorney for Defendants
                                                  1 W. Pennsylvania Ave., Ste. 500
                                                  Towson, Maryland  21204-5025
                                                  (410) 832-8012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, That on this 26th day of March, 2004, a copy of the aforegoing Response and Opposition to Plaintiffs', Terry Tunney, Dorothy Miller, Brian Cline, and Rick Cline, Motion for Partial New Trial, was mailed, postage prepaid, to **Leonard A. Orman, P.A.**, 26 South Street, Baltimore, Maryland 21202; **Timothy R. Freel, Esquire**, Freel & Freel, P.C., 231 Newman Street, East Tawas, Michigan 48730, and **Elliot N. Lewis, Esquire**, Elliot N. Lewis, P.A., 1 East Lexington Street, Suite 201, Baltimore, Maryland 21202, Attorneys for Plaintiffs.

                                                  _____/s/_____
                                                LAWRENCE E. BALLANTINE

LEB/lh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. CLINE, Personal Representative of     *
THE ESTATE OF GLEN H. CLINE, JR.,
Deceased, et al     *

    Plaintiffs     *

v.     *
    CASE NUMBER: JFM-03-CV-529
JOHN JAMES CHRISTY     *

    Defendant     *

    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PARTIAL NEW TRIAL

Defendant, John James Christy, by his attorney, Lawrence E. Ballantine, submits this Memorandum of Points and Authority and respectfully requests this Court to deny Plaintiffs' Motion for a Partial New Trial. This Memorandum is submitted in support of Defendant's request for that denial.

### BACKGROUND

Glen H. Cline, Jr. was killed on April 18, 2000 when he was struck by the Defendant, John James Christy. A wrongful death action was brought against John James Christy in the U.S. District Court for the District of Maryland by the moving Plaintiffs, Terry Tunney, Dorothy Miller, Brian Cline, and Rick Cline (hereinafter "Plaintiffs").

Trial was held in this matter in U.S. District Court from March 1st through March 4th, 2004. The case was tried before a jury and was presided over by Magistrate Judge James K. Bredar. At the conclusion of the trial and after closing argument and jury instruction, the matter was submitted to the jury. After nearly three hours of consideration, the jury returned a verdict

finding the Defendant, John James Christy, negligent.  The jury also found the decedent, Glen H. Cline, Jr., contributorily negligent but found his contributory negligence was not a proximate cause of this death.  The jury then awarded Eight Thousand Dollars ($8,000.00) to each of the moving Plaintiffs for their wrongful death damages.

## ARGUMENT

Plaintiffs' suggest in their Motion that the "nominal" damages awarded by the jury was due to the jury's failure to follow the instructions of this Court, or because of their impatience to complete their service to the Court, or because they did not understand the Court's instructions.  Plaintiffs further argue that the damages awarded to them was arbitrary and contrary to Maryland law.  The Plaintiffs further argue that it was apparent that the jury decided it did not want to award more than a total of approximately $300,000.00, which deprived the Plaintiffs of the damages to which they were entitled.

Plaintiffs offer no facts to support these arguments.  The arguments amount to no more than sheer conjecture and rank speculation.

There was evidence at the trial from the Plaintiff, Nancy Cline, which was given at her deposition and read to the jury.  In that testimony, Mrs. Cline described the relationship between the Plaintiffs and the decedent as "…bad, very bad".  Mrs. Cline further testified that in the 29 years she lived with her husband he had only received two Father's Day or birthday cards and two phone calls on those occasions.  Additionally, Mrs. Cline testified that after the decedent's funeral, the Plaintiff, Dorothy Miller, called her and told her that she was sorry about how things had gone and if she could do things over, things would have been much different.  Mrs. Cline's response to Ms. Miller's phone call was that she would have to live with that guilt.  The testimony of Nancy Cline regarding that phone call was uncontradicted!

Additionally, testimony from Nancy Cline indicated that the Plaintiffs would only see their father once a year at Christmas time.  Those visits were perfunctory and would last only an hour to an hour and a half.  Accordingly, there was testimony before the jury from which they

could conclude that the Plaintiffs' relationship with the decedent was not a warm and loving relationship, but rather a cold and distant relationship. If the jury believed that testimony, then their award of $8,000.00 could be seen as generous.

It is also suggested by the Defendant that the amounts awarded to the Plaintiffs may be the result of a compromise verdict. In the case <u>Butkiewicz v. State</u>, 127 Md. App. 412 (1999), the Court was faced with a motor vehicle accident where liability was hotly disputed as in the case at bar. In that case, the jury found in favor of the Plaintiff and awarded the Plaintiff his medical bills and lost wages, but made no award for future medicals or for non-economic damages. A Motion for New Trial was denied by the trial judge and Plaintiffs took an appeal. In upholding the trial judge's failure to grant a Motion for New Trial, the Court stated:

> "In reaching our conclusion, we are also mindful that, as the State suggests, the jury may have reached a compromise verdict, because the issue of negligence was hotly disputed. To be sure, the Doctrine of Comparative Negligence is not the law in Maryland. Nevertheless, in the politics of jury deliberations, a conflict among the members of the jury as to liability may ultimately be resolved by means of reduced damages." (127 Md. App. at 428, 429)

The <u>Butkiewicz</u> Court also cited the case of <u>Bacsick v. Barnes</u>, 234 Pa. Super. 616, 341 A.2d 157 (1975), which held:

> "… the net result, as every trial judge knows, is that in a large majority of cases where the evidence of negligence is not clear, or where the question of contributory negligence is not free from doubt, the jury brings in a compromise verdict." 341 A.2d at 162.

In the case at bar, the jury was obviously conflicted about the decedent's contributory negligence. They found that the decedent was in fact contributorily negligent, but found that was not a proximate cause of his injuries. Their damage awards could clearly be the result of a compromise verdict, which should not be disturbed by this Court.

Plaintiffs site the case of Buck v. Cam's Rugs, 328 Md. 51 (1952). In that case, the Court of Appeals sites language from a case from the Superior Court of Pennsylvania, Boscia v. Massaro, 365 Pa. Super. 271, 529 A.2d 504 (1987). That case stated:

> "A jury's verdict should not be casually overturned. In our system of justice, the jury is sacrosanct and its importance is unquestioned. The members of a jury see and hear the witnesses as they testify. They watch them as they sweat, stutter, or swagger under the pressure of cross-examination. This enables the jury to develop a feel for the case and its personal dynamics, which cannot be conveyed by the cold printed page of a record reproduced for Appellate review." 529 A.2d at 508.

The jury gave full time and attention to the evidence presented in this case. They interrupted their jury deliberations to request a copy of the Jury Instructions, which the Court had inadvertently failed to send to the jury room with the trial exhibits. The jury returned a verdict in favor of the Plaintiffs and awarded each of them $8,000.00. Clearly, the sole basis of the Motion for New Trial is that these Plaintiffs want more money. However, they have provided this Court with no facts or arguments from which the Court can conclude that the jury award was unfair or unjust. In fact, as noted above, in light of certain evidence introduced to trial, such an award could even be deemed generous.

WHEREFORE, Defendant requests this Honorable Court to deny Plaintiffs' Motion for Partial New Trial.

                /s/
              LAWRENCE E. BALLANTINE
              Trial Bar No. 01948
              Attorney for Defendant
              1 W. Pennsylvania Ave., Ste. 500
              Towson, Maryland  21204-5025
              (410) 832-8012

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY, That on this 26th day of March, 2004, a copy of the aforegoing Memorandum of Points and Authorities in Support of Defendant's Opposition to Plaintiffs' Motion for a Partial New Trial was mailed, postage prepaid, to **Leonard A. Orman, P.A.**, 26 South Street, Baltimore, Maryland 21202; **Timothy R. Freel, Esquire**, Freel & Freel, P.C., 231 Newman Street, East Tawas, Michigan 48730, and **Elliot N. Lewis, Esquire**, Elliot N. Lewis, P.A., 1 East Lexington Street, Suite 201, Baltimore, Maryland 21202, Attorneys for Plaintiffs.

              /s/
              LAWRENCE E. BALLANTINE

LEB/lh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NANCY J. CLINE, Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, et al | * |
| | * |
| Plaintiffs | * |
| v. | * |
| | CASE NUMBER: JFM-03-CV-529 |
| JOHN JAMES CHRISTY | * |
| Defendant | * |
| | * |

* * * * * * * * * * * * * * * * * * *   * * * * * * * * * * * * * * * * * * *

ORDER

Upon consideration of Plaintiffs' Motion for Partial New Trial and Defendant's Opposition filed thereto, it is hereby this _____ day of _____, 2004, by the U.S. District Court for the District of Maryland:

ORDERED, That Plaintiffs' Motion for Partial New Trial is DENIED.

_____
JUDGE

Copies to:

Leonard A. Orman, P.A.
Timothy R. Freel, Esquire
Elliott N. Lewis, Esquire
Lawrence E. Ballantine, Esquire