IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NANCY J. CLINE, Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, et al | * |
| | * |
| Plaintiffs | * |
| v. | * |
| | CASE NUMBER: JFM-03-CV-529 |
| JOHN JAMES CHRISTY | * |
| Defendant | * |
| | * |

* * * * * * * * * * * * * * * * * * * *   * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT**

    Defendant, John James Christy, by his attorney, Lawrence E. Ballantine, files this Opposition to the Motion to Alter or Amend Judgment filed by the Plaintiff, Nancy Cline, as Personal Representative of the Estate of Glen H. Cline, Jr., and for reasons says:

    1.    This Defendant did stipulate that the amount of economic damages suffered by the Estate of Glen H. Cline, Jr. was $4,246.74.

    2.    This Defendant did <u>not</u> stipulate that a jury, if they found in favor of the Plaintiffs on the issue of liability, was required to award that amount to the Estate in their deliberations. The jury was instructed, without objection by the Plaintiffs, that in the event they found for the Plaintiffs on the issue of liability they must go on to consider the question of damages. They were told, "It will be your duty to determine what, if any, award will fairly compensate the Plaintiffs for the losses." Additionally, the special verdict sheet, which was agreed to by the Plaintiffs, in Question No. 6 asked the jury, "In what amount, if any, do you find the Estate of Mr. Cline to have been damaged (economic damages)?" Those instructions clearly gave the jury the option of awarding no damages to the Estate of the decedent. If the Plaintiffs believed that the stipulation entered into by the parties required the jury, as they argue in their Motion, to

award $4,246.74 to the Estate, if the jury found in favor of the Plaintiffs on liability, then that should have been stated in the special verdict form. Their failure to require the Court to so instruct the jury and place those instructions on the special verdict form would amount to a waiver of their assertion that they are entitled to that amount despite the jury's awarding of $0 to the Estate.

3. The jury was instructed that they could believe all, part, or none of the evidence introduced at trial and was not required to believe evidence even if it was uncontradicted. The jury, for whatever reason, elected not to award the Estate any economic damages.

4. Defendant suggests to the Court that the Plaintiff's award in this case was a "compromise verdict". Such compromise verdicts are recognized in Maryland and Courts are reluctant to set aside such verdicts. (See <u>Butkiewicz v. State</u>, 127 Md. App. 412, 732 A.2d 994 (1999) and <u>Brooks v. Bienkowski</u>, 150 Md. App. 87, 818 A.2d 1198 (2003))

5. Plaintiffs site no authority for the proposition that when parties stipulate to an amount occurred as economic damages that a jury is required to make that award.

WHEREFORE, Defendant requests this Honorable Court to DENY Plaintiff's Motion to Alter or Amend Judgment.

                                                                  _____/s/_____
                                                                   LAWRENCE E. BALLANTINE
                                                                   Trial Bar No. 01948
                                                                   Attorney for Defendants
                                                                   1 W. Pennsylvania Ave., Ste. 500
                                                                   Towson, Maryland  21204-5025
                                                                   (410) 832-8012

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY, That on this 26th day of March, 2004, a copy of the aforegoing Opposition to Plaintiffs' Motion to Alter or Amend Judgment, was mailed, postage prepaid, to **Leonard A. Orman, P.A.**, 26 South Street, Baltimore, Maryland 21202; **Timothy R. Freel, Esquire**, Freel & Freel, P.C., 231 Newman Street, East Tawas, Michigan 48730, and **Elliot N. Lewis, Esquire**, Elliot N. Lewis, P.A., 1 East Lexington Street, Suite 201, Baltimore, Maryland 21202, Attorneys for Plaintiffs.

                                                             _____/s/_____
                                                              LAWRENCE E. BALLANTINE

LEB/lh

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NANCY J. CLINE, Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, et al | * |
| | * |
| Plaintiffs | * |
| v. | * |
| | CASE NUMBER: JFM-03-CV-529 |
| JOHN JAMES CHRISTY | * |
| Defendant | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Upon consideration of the aforegoing Motion to Alter or Amend Judgment and Opposition filed thereto, it is hereby this _____ day of _____, 2004 by the U.S. District Court for the District of Maryland:

ORDERED, That the Plaintiffs' Motion to Alter or Amend Judgment is DENIED.

_____
JUDGE

Copies to:

Leonard A. Orman, P.A.
Timothy R. Freel, Esquire
Elliott N. Lewis, Esquire
Lawrence E. Ballantine, Esquire