**IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NANCY J.CLINE, individually, and as Personal Representative of THE ESTATE OF GLEN H. CLINE, JR., Deceased, *et al*, | * |
| | * |
| Plaintiffs, | * |
| | Case No.: JFM–03–CV-529 |
| v | * |
| JOHN JAMES CHRISTY, *et al.*, | * |
| Defendants. | * |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE/OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT**

**NOW COMES** one of the Plaintiffs in the above captioned matter, NANCY J. CLINE, as Personal Representative of the ESTATE OF GLEN H. CLINE, JR., Deceased, by and through her attorneys, Timothy R. Freel, Esquire and Freel & Freel, P.C., and does hereby Reply to the Defendant's *Opposition To Plaintiff's Motion To Alter Or Amend Judgment* (hereinafter "Opposition"), stating as follows, **TO-WIT**:

1. That Defendant's said Opposition completely fails to address or deny the otherwise undeniable/irrefutable fact that the jury's verdict relative to those stipulated, uncontested economic damages of the Estate is 180° against the weight of the only evidence submitted on the matter.

2. That notwithstanding, the Court's specific instructions to the jury – as they pertain to the particular damages at issue – were:

"**The economic losses sustained by the estate in this case *are* those that were stipulated to by the parties *and* amount to $4,246.74**."

See *"Jury Instruction Z"*

3. That there was no basis either in the testimony/evidence or the instructions received by the jury to award *any* amount (including without limitation $0.00) other than $4,246.74.

4. That notwithstanding, this particular issue was specifically discussed during the Rule 51 hearing relative to the instructions on 3 March 2004. Plaintiffs' counsel raised the question as to whether or not the initial instruction was appropriate. Discussion ensued, and it was agreed that the final "Jury Instruction Z" be drafted to provide the language reflected within Paragraph 2, *supra*.

When discussion turned to the Verdict form, Plaintiffs' counsel as well raised the question of whether or not the Estate damages portion should be amended to simply state $4,246.74. It was then agreed that, with Jury Instruction Z, if the jury resolved liability issues in favor of Plaintiffs then they would have to find the sum of $4,246.74 as the Estate's damages; accordingly, no further changes to the form were made in that respect.

5. That there can be no serious question but had the jury found the Estate's economic damages to be *anything* higher than $4,246.74, then Defendant would be bringing the identical Motion To Alter/Amend upon the identical grounds, reasoning and argument set forth by Plaintiff Estate herein.

There simply is no basis in the proofs, common sense or the law for the jury's verdict in this particular respect.

**WHEREFORE,** said Plaintiff renews its prior Motion that this Honorable Court alter/amend the Judgment entered in the above case by reflecting and including those economic damages suffered by the Estate in the amount of $4,246.74, as so Stipulated and Instructed.

Dated: <u>26 March 2004</u>



        Timothy R. Freel, Esquire
        Freel & Freel, P.C.
        Attorneys for Plaintiff Estate
        231 Newman Street
        East Tawas, Michigan  48730
        (989) 362-3443
        tim@freelpc.net

**NOTICE OF FILING/SERVICE**

I hereby certify that on this <u>26th</u> day of March, 2004, the foregoing *Reply to Defendant's Response/Opposition to Motion To Alter or Amend Judgment* was electronically filed in the above-captioned cause.

        Timothy R. Freel, Esquire

3