```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

NANCY J. CLINE, individually and    :
as personal representative of
The Estate of Glen H. Cline, Jr.,   :
Deceased

JOSH H. CLINE                       :

TERRY TUNNEY                        :

DOROTHY MILLER                      :

BRIAN CLINE                         :

RICK CLINE                          :

    Vs.                             :    CIVIL NO. JKB-03-529

                                    :

JOHN JAMES CHRISTY                  :

### MEMORANDUM AND ORDER

This action arose from a motor vehicle accident on Interstate 70 near Hagerstown, Maryland, in which Glen H. Cline Jr., while outside his disabled vehicle, was struck and killed by a passing vehicle. The case was tried to a jury in this Court and the jury returned a verdict in favor of the plaintiffs and against the defendant. Plaintiff Nancy Cline, as personal representative of the estate of her husband, has filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). (Paper No. 52). Plaintiffs Terry Tunney, Dorothy Miller, Brian Cline and Rick Cline -- decedent's children by his first

marriage -- have filed a motion for a new trial on the issue of damages pursuant to Fed. R. Civ. P. 59(a).  (Paper No. 53).  No hearing is necessary.  Local Rule 105.6.  For the reasons set forth below, the motions (Papers No. 52 and 53) are hereby DENIED.

Plaintiff Nancy Cline correctly posits, and the defendant does not contest, that in Section 7 of the Pretrial Order (Paper No. 46) it is agreed by the parties that the losses to the estate (funeral and vehicle towing expenses) total $4,246.74. Moreover, this stipulation was read to the jury and the jury was instructed by the Court that the losses sustained by the estate were those stipulated to in that amount.  As the defendant correctly points out, however, the jurors also were instructed that it was their duty to determine what, if any award, would fairly compensate the plaintiffs and a special verdict form was given to the jury presenting an option of no award at all to the estate – an option which the jury selected.

The defendant, in his opposition, has cited two Maryland cases, *Butkiewicz v. State,* 732 A.2d 994 (Md. Ct. Spec. App 1999), and *Brooks v. Bienkowski,* 818 A.2d 1198 (Md. Ct. Spec. App. 2003), wherein the Court recognized the validity of so-called "compromise verdicts."  That designation is applied in the context of cases in which the issue of negligence is hotly contested in the few states that still adhere to the doctrine of

contributory negligence, the Courts recognizing the reality that juries may temper their damage awards and, in effect, reach a result that might have been reached had comparative negligence been applicable and that might seem at odds with the evidence on damages. In such cases, the Court endorsed the concept of leaving to the trial judge "the core question of whether justice has been done . . . *Butkiewicz,* at 1003 (quoting *Buck v. Cam's Broadloom Rugs, Inc.,* 612 A.2d 1294 (Md. 1992). It is this Court's judgment that the jury's action in this case indeed does represent a compromise verdict, that there has been no injustice here and that the verdict should go undisturbed.[1]

The thrust of the motion for new trial is that the small size of the awards to these plaintiffs ($8,000 to each) is shocking and should not stand. The Court notes that there was powerful testimony from decedent's widow indicating that relationship between these adult children and their father was

---

[1] The Court also notes that even were its view different, it would be precluded by the 7th Amendment from ordering the additur sought by the plaintiff and, instead, would be limited to ordering a new trial on the issue. *See,* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2816. Finally, the Court is not unmindful of the fact that in this case, unlike in those cited, the compromise worked affects not just categories of damages but also parties, the estate a separate party, at least *de jure,* from Ms. Cline individually. That being noted, the distinction still is not sufficient to convince the Court that an injustice has resulted.

distant. This evidence had the potential of seriously undermining their claims. That fact, coupled with the view of the Court that there was a compromise verdict in this case, militates against disturbing the jury's decision.

```
   4/13/04                              /s/
_____        _____
Date                            James K. Bredar
                                United States Magistrate Judge
```